EDWARD ROSE, Appellant, v. BLITMAN CONSTRUCTION CORPORATION et al., Respondents.— In an action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, (1) from an order of the Supreme Court, Queens County, dated December 14, 1960, which denied his application for a preference under rule 9 of the Queens County Supreme Court Rules; and (2) from so much of an order of said court, dated September 18, 1961, made on reargument, as adhered to the original decision and denied the preference. Order dated September 18, 1961, insofar as appealed from, affirmed, with $10 costs and disbursements. In our opinion, the record fails to establish any abuse of discretion in denying the preference. Appeal from order, dated December 14, 1960, dismissed. That order was superseded by the later order granting reargument. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

MATTHEW ROSENSCHEIN, Respondent, v. HERMINA A. McNALLY, Appellant.— In an action to recover the down payment on a contract for the purchase of certain real property and to impress a lien upon the property for the amount of such payment, the defendant appeals from an order of the County Court, Westchester County, dated May 23, 1962, which denied her motion, made pursuant to rule 106 of the Rules of Civil Practice, to dismiss the complaint for patent insufficiency. Order affirmed, with $10 costs and disbursements, with leave to defendant to answer within 20 days after the entry of the order hereon. Pursuant to contract, plaintiff agreed to buy and defendant agreed to sell the premises on the basis of a survey delivered by defendant to plaintiff prior to the execution of the contract. To the knowledge of defendant, but not to the knowledge of plaintiff, a brook shown on the survey had been relocated between the time of the survey and the time of the execution of the contract. The relocation of the brook was a material fact peculiarly within defendant's knowledge and, hence, her failure to disclose such fact to plaintiff gave rise to a cause of action for rescission (*Danann Realty Corp.* v. *Harris,* 5 N Y 2d 317), even if the misrepresentation were innocent (*Junius Constr. Corp.* v. *Cohen,* 257 N. Y. 393). It is no excuse for a culpable misrepresentation that means of probing it were at hand (*Albert* v. *Title Guar. & Trust Co.,* 277 N. Y. 421). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.