■ RICHARD A. PINNEY et al., Appellant-Respondents, v GEORGE A. BECKWITH et al., Respondents-Appellants, et al., Respondents. [608 NYS2d 738] —Mercure, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered March 25, 1993 in Tompkins County, which, inter alia, granted a motion for summary judgment by defendants George A. Beckwith and Anna S. Beckwith dismissing the complaint against them, and conditionally denied said defendants' motion for summary judgment on their counterclaim, and appeals (1) from an order of said court, entered June 24, 1993 in Tompkins County, which granted a motion for summary judgment by defendants Harriet L. Moore, Mark Keller and J.D. Gallagher Real Estate Company dismissing the complaint against them, and (2) from the judgment entered thereon.

By written instrument dated May 2, 1988, plaintiffs contracted to purchase from defendants George A. Beckwith and Anna S. Beckwith (hereinafter the Beckwiths) a 27.5-acre unimproved parcel of land in the Town of Lansing, Tompkins County. An addendum provided that the contract was contingent, among other things, upon approval by the Town of Lansing of a subdivision on the property and use of the existing right-of-way as an access road to the subdivision. Plaintiffs thereafter waived these contingencies and the parties proceeded to closing; on March 28, 1989, the Beckwiths conveyed title to the property and a 50-foot access right-of-way to plaintiffs, and plaintiffs in turn executed a $154,000 purchase-money note and mortgage to the Beckwiths. After taking title to the property, plaintiffs sought and were denied Town approval for a subdivision on the property and use of the existing right-of-way for access thereto.*

---

* Following plaintiffs' subsequent purchase of additional contiguous land,

Alleging that the Beckwiths and their real estate agents, defendants Harriet L. Moore, Mark Keller and J.D. Gallagher Real Estate Company, fraudulently represented that the Town had granted preliminary approval for a six-lot subdivision on the parcel, including acceptance of the right-of-way as a Town road, plaintiffs commenced this action in October 1992 seeking, *inter alia,* money damages for the claimed fraudulent inducement of the contract of sale and breach of warranty. In addition, on advice of counsel, plaintiffs began depositing their monthly mortgage payments in escrow with the Tompkins County Clerk, prompting the Beckwiths to declare a default on the mortgage and counterclaim for a judgment of foreclosure and sale. Subsequently, Supreme Court granted the Beckwiths' motion to dismiss the complaint against them, denied the Beckwiths' motion for summary judgment on their counterclaim upon condition that the escrow funds be paid over to them, and granted summary judgment in favor of Moore, Keller and Gallagher dismissing the complaint against them. Plaintiffs appeal and the Beckwiths cross-appeal.

We affirm. Although there is a factual issue as to whether defendants made false representations to plaintiffs concerning preliminary approval of a subdivision and access over the existing roadway, there can be no question that the element of reasonable reliance, indispensable to all of plaintiffs' causes of action, is absent as a matter of law. It is well settled that: "if the facts represented are not matters peculiarly within the party's knowledge, and the other party has the means available to him of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, he must make use of those means, or he will not be heard to complain that he was induced to enter into the transaction by misrepresentations". *(Schumaker v Mather,* 133 NY 590, 596; *see, Danann Realty Corp. v Harris,* 5 NY2d 317, 322; *Nestler v Whiteside,* 162 AD2d 845; *Most v Monti,* 91 AD2d 606.) Clearly, a simple inquiry to the Town, the barest of precautions, would have armed plaintiffs with the truth concerning the claimed preliminary subdivision approval *(see, Oneida City School Dist. v Seiden & Sons,* 177 AD2d 828, 829). Moreover, the very fact that the contract of sale was contingent upon subdivision approval defeats plaintiffs' claim of detrimental reliance. Where an express provision in a written contract contradicts a claimed oral representation in a mean-

---

subdivision approval was granted, a fact having no bearing upon the issues presented here.

ingful fashion, the conflict between the contract provision and the oral representation negates the claim of reliance upon the latter *(see, Bango v Naughton,* 184 AD2d 961, 963). Here, the only logical reason for the contingency, to insure against the risk that subdivision approval could not be obtained, belies plaintiffs' claim of reliance upon a representation that approval was virtually assured.

As a final matter, in the absence of evidence of bad faith, we have no disagreement with Supreme Court's equitable determination that plaintiffs' deposit of several mortgage payments into escrow did not constitute a breach justifying acceleration of the note and mortgage.

Mikoll, J. P., Crew and Yesawich Jr., JJ., concur. Ordered that the orders and judgment are affirmed, without costs.