■ MARK CASEY et al., Respondents, v MASULLO BROTHERS BUILDERS, INC., Appellant. [630 NYS2d 599] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered June 1, 1994 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

On May 14, 1990, plaintiffs entered into a written purchase agreement with defendant for the purchase of a townhouse on a parcel of real property located in the Town of Queensbury, Warren County. On August 6, 1990, plaintiffs accepted a full covenant warranty deed which was duly recorded. Plaintiffs allege that they purchased the residence based upon representations by defendant through a newspaper advertisement for the townhouse and conversations with defendant's realtor that such townhouse was located in the Queensbury Union Free School District. After the sale, plaintiffs discovered that the residence was not located in the Queensbury Union Free School District but was instead located in the Glens Falls School District.

Plaintiffs thereafter initiated this action to, *inter alia*, rescind the deed with all consideration returned based upon allegations of fraud, misrepresentation, mistake of fact and breach of contract. Defendant moved for summary judgment on the ground that the school district in which the property was located was a matter of public record and therefore discoverable by plaintiffs upon reasonable inquiry. Supreme Court denied the motion for summary judgment and defendant appeals.

In a contract for the sale of real property, it is well settled

that unless the facts are matters peculiarly within one parties' knowledge, the other party must make use of means available to him to ascertain, by the exercise of ordinary intelligence, the truth of such representations " 'or he will not be heard to complain that he was induced to enter * * * the transaction' " (*Danann Realty Corp. v Harris*, 5 NY2d 317, 322, quoting *Schumaker v Mather*, 133 NY 590, 596; *see, Pinney v Beckwith*, 202 AD2d 767; *Callahan v Miller*, 194 AD2d 904). If, however, as plaintiffs contend, "the facts were peculiarly within the knowledge of the defendant[ ] and were willfully misrepresented, [then] failure of [a purchaser] to ascertain the truth by inspecting the public records [will] not [be] fatal" (*Todd v Pearl Woods, Inc.*, 20 AD2d 911, *affd* 15 NY2d 817).

Here, the record reveals that the newspaper advertisement describing the subject townhouse and the realtor's multiple listing service description designated the property to be within the Queensbury Union Free School District. The realtor's affidavit reveals that based upon her investigation, a loan profile sheet from an abstract company prepared prior to the closing on the property at issue, in addition to the 1990 and 1991 town tax rolls, confirmed the placement of such property in the desired school district. Although defendant submitted a tax search form, ordered pursuant to the terms of the parties' purchase agreement, which showed the townhouse to be in the Glens Falls School District, defendant failed to proffer sufficient proof that it forwarded a copy of such document to plaintiffs.

Noting that summary judgment may be granted only where there are no triable issues of fact (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395), we find that Supreme Court properly denied the instant motion since questions exist concerning whether a reasonable inquiry would have revealed the correct school district. We further note that based upon the dearth of discovery conducted to date, the granting of summary judgment would be premature (*see, Integrated Logistics Consultants v Fidata Corp.*, 131 AD2d 338; *Blue Bird Coach Lines v 107 Delaware Ave.*, 125 AD2d 971).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.