OPINION OF THE COURT
 

 Titone, J.
 

 In
 
 Zanghi v Niagara Frontier Transp. Commn.
 
 (85 NY2d 423), we held that the cause of action for injured firefighters that was authorized by General Municipal Law former § 205-a is available only against parties who were in possession or control of the premises at the time the accident occurred.
 
 [1]
 
 This appeal, which involves the parties to one of the companion cases in
 
 Zanghi,
 
 raises the question of whether a person properly held liable under former section 205-a may seek indemnification or contribution from parties who were not in possession or control of the premises but who were allegedly responsible, in whole or in part, for the accident. We conclude
 
 *181
 
 that a third-party action for indemnification or contribution lies in these circumstances, even though the injured firefighter would not have a direct cause of action against the third-party defendant.
 

 As set forth in our earlier opinion (85 NY2d, at 437), one firefighter (Mitchell Spoth) was killed and another (Frank Raquet) was injured when the canopy roof on a building addition and a portion of the addition’s masonry wall collapsed outward during the course of a November 1984 fire. At the time of the fire, the building was owned by defendant Leonard Zane and occupied by defendant lessees W.N.Y. Carpet Factory Outlet, Inc., Kenny Carpets, Inc. and Kenny Enterprises, Inc.
 

 Raquet and Spoth’s representative sued Zane, the tenant defendants and the contractors who had designed and built the building’s addition (Carol Braun, John Braun, J.M. Braun Builders, Inc. and Benito Olivieri). Among the asserted causes of action were claims based on General Municipal Law former § 205-a for violations of State and local building code provisions. The tenant defendants asserted cross claims for indemnification and contribution against the contractor defendants, and defendant Zane counterclaimed against all of the contractor defendants except defendant Benito Olivieri.
 

 On appeal to this Court from an order dismissing the plaintiffs’ claims against the building owner and the contractor defendants, we reinstated the General Municipal Law § 205-a causes of action against the owner, holding that "the alleged building code violations may * * * create firefighting hazards upon which section 205-a liability may be based” (85 NY2d, at 443). We stated, however, that although the building owner could be held directly liable under the statute, the defendant contractors could be held liable "only if they were in control of the premises 'at the time of [the firefighters’] injury’ ”
 
 (id.,
 
 at 445, quoting General Municipal Law former § 205-a). Accordingly the dismissal of the plaintiffs’ claims against the defendant contractors was upheld. Finally, we also stated that, as tenants in possession at the time of the fire, the tenant defendants were "parties in control of the premises against whom [statutory] liability may be asserted” (85 NY2d, at 445, n 2).
 
 [2]
 

 Following our decision, defendant Zane and the tenant defendants moved in the Supreme Court for permission to
 
 *182
 
 convert their cross claims and counterclaims against the contractors to third-party complaints. Defendant Zane, who had not previously asserted a claim against defendant contractor Olivieri, also made an oral motion to amend his answer to include a "claim over” against Olivieri, who had not been named in Zane’s original answer. The contractor defendants opposed these motions and cross-moved for dismissal of all remaining claims against them, arguing, among other things, that the Court of Appeals holding absolving'them of liability to plaintiffs insulated them from liability to any party under CPLR article 14. The Supreme Court denied Zane’s and the tenant defendants’ motions and granted the contractor defendants’ cross motions. The Appellate Division affirmed the Supreme Court’s order, without opinion, and this Court subsequently granted the aggrieved appellants leave to take a further appeal.
 

 Initially, we note that our prior decision in this case did not constitute a dismissal on the merits of the cross claims against the contractor defendants. Our disposition was limited to a holding that the
 
 plaintiff firefighters
 
 could not recover against the contractor defendants. The viability of the indemnification and contribution claims against those parties was not raised in either of the courts below or in our Court, and nothing in our opinion forecloses those claims.
 
 [3]
 

 As to the merits of those claims, we begin with the well-established principle that a defendant may seek contribution from a third party even if the injured plaintiff has no direct right of recovery against that party, either because of a' procedural bar or because of a substantive legal rule
 
 (Klinger v Dudley,
 
 41 NY2d 362;
 
 Dole v Dow Chem. Co.,
 
 30 NY2d 143;
 
 cf.,
 
 L 1996, ch 635 [amending Workers’ Compensation Law § 11]). A contribution claim can be made even when the contributor has no duty to the injured plaintiff
 
 (Sommer v Federal Signal Corp.,
 
 79 NY2d 540, 559;
 
 Garrett v Holiday Inns,
 
 58 NY2d 253, 261). In such situations, a claim of contribution may be asserted if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable
 
 (see, Guzman v Haven Plaza Hous. Dev. Fund Co.,
 
 69 NY2d 559, 568, n 5;
 
 Garrett v Holiday Inns, supra,
 
 at 261;
 
 Nolechek v Gesuale,
 
 46 NY2d 332;
 
 see also, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,
 
 71 NY2d 599).
 

 
 *183
 
 The "critical requirement” for apportionment by contribution under CPLR article 14 is that "the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought”
 
 (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra,
 
 at 603). Thus, contribution is available "whether or not the culpable parties are allegedly liable for the injury under the same or different theories”
 
 (id.,
 
 at 603;
 
 see, Board of Educ. v Sargent, Webster, Crenshaw & Folley,
 
 71 NY2d 21, 28), and the remedy may be invoked against concurrent, successive, independent, alternative and even intentional tortfeasors
 
 (see, Board of Educ. v Sargent, Webster, Crenshaw & Folley, supra,
 
 at 27;
 
 Schauer v Joyce,
 
 54 NY2d 1, 5; Siegel, NY Prac § 172, at 261 [2d ed]).
 

 Similarly, the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is "a separate duty owed the indemnitee by the indemnitor”
 
 (Mas v Two Bridges Assocs.,
 
 75 NY2d 680, 690). The duty that forms the basis for the liability arises from the principle that "every one is responsible for the consequences of his own negligence, and if another person has been compelled * * * to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him”
 
 (Oceanic Steam Nav. Co. v Compania Transatlantica Espanola,
 
 134 NY 461, 468;
 
 see, McDermott v City of New York,
 
 50 NY2d 211, 216-217).
 

 Given these principles, the argument of the defendant contractors here must be rejected. The defendant contractors’ position rests wholly on the premise that their exoneration from liability to the injured firefighters under General Municipal Law former § 205-a precludes them from having any liability at all arising from the collapse of the building during the November 1984 fire. However, the limitations of the statutory cause of action available to injured firefighters do not affect the right of parties held liable pursuant to that cause of action to seek contribution and/or indemnification from those whose carelessness was, in whole or in part, the cause of the harm. This Court has previously recognized causes of action for contribution or indemnification against parties who were insulated from liability to the injured plaintiff because of a lack of duty
 
 (see, Sommer v Federal Signal Corp., supra; Garrett v Holiday Inns, supra),
 
 procedural bars and special defenses
 
 (see, Klinger v Dudley, supra)
 
 and the statutory defense available to employers in cases involving workers’ compensa
 
 *184
 
 tion
 
 (see, Dole v Dow Chem. Co., supra; see also, Westchester Light. Co. v Westchester County Small Estates Corp.,
 
 278 NY 175). The same result should obtain here.
 

 Mullen v Zoebe, Inc.
 
 (86 NY2d 135), upon which the defendant contractors rely, does not support their position that the unique policies underlying General Municipal Law former § 205-a distinguish this situation from those in the above-cited cases. In
 
 Mullen,
 
 we held that the doctrine of comparative fault cannot be invoked to diminish an injured firefighter’s recovery under former section 205-a because the statute "was intended to impose the entire responsibility for injuries due to safety code violations on the property owner, undiminished by any contributing negligence of, or assumption of risk by,
 
 the plaintiff firefighter”
 
 (86 NY2d, at 143 [emphasis supplied]). Nothing in
 
 Mullen,
 
 suggests that the same policies can be invoked as a basis for precluding apportionment or indemnification among
 
 the tortfeasors
 
 themselves.
 

 Indeed, despite the parallel policies that have been held to forbid the application of comparative negligence in cases involving the nondelegable duty imposed by Labor Law § 240 (1) and § 241
 
 (see, Bland v Manocherian,
 
 66 NY2d 452, 461;
 
 see also, Stolt v General Foods Corp.,
 
 81 NY2d 918, 920), we held in
 
 Allen v Cloutier Constr. Corp.
 
 (44 NY2d 290, 301) that "[wjhile the duty imposed by [Labor Law § 241] may not be delegated, the burden may be shifted to the party actually responsible for the accident”
 
 (see also, Kelly v Diesel Constr. Div.,
 
 35 NY2d 1, 5-7). Significantly, we stressed in
 
 Mullen
 
 that a direct analogy can be drawn, between General Municipal Law § 205-a liability and the liability created by Labor Law § 240 (1) and § 241 (86 NY2d, at 143-144;
 
 see, Bland v Manocherian,
 
 66 NY2d 452, 461;
 
 see also, Stolt v General Foods Corp.,
 
 81 NY2d 918, 920). The contractor defendants in this case have not identified anything in former General Municipal Law § 205-a’s language or legislative history that would suggest a basis for departing from that analogy here.
 

 The primary purpose of General Municipal Law § 205-a is to ameliorate the harsh effects of the common-law firefighters rule, which precluded firefighters from recovering in tort for injuries sustained during the performance of their firefighting duties
 
 (see, McGee v Adams Paper & Twine Co.,
 
 26 AD2d 186,
 
 affd
 
 20 NY2d 921). Once the firefighter is afforded an opportunity to recover damages from a party in a position to oversee the safety of the premises — the owner or other person in control — the statutory goal is satisfied and there is no rea
 
 *185
 
 son to prevent the party who is forced to answer in damages from shifting the economic burden to those whose negligent acts or omissions actually caused the harm. Notably, the need to "redress * * * the imbalance in apportionment of damages” as between the injured firefighter and the landowner or occupier, which concerned us in
 
 Mullen v Zoebe, Inc. (supra,
 
 at 144), is not a factor in determining whether equitable apportionment should be had among the landowner or occupier and the other culpable parties.
 

 Here, Zane and the tenant defendants have been asked to answer in damages for the injuries plaintiff firefighters sustained. The only basis offered by the contractor defendants for the summary dismissal of Zane’s and the tenant defendants’ claims against them was their assumption that the rationale in
 
 Zanghi (supra)
 
 foreclosed their liability to
 
 any
 
 party under
 
 any
 
 legal theory. Since
 
 Zanghi
 
 poses no such bar to the contractor defendants’ liability to other party defendants and there exist legal theories other than section 205-a on which such liability could be based, the Supreme Court’s affirmed decision to grant the cross motions for summary dismissal of all claims against the contractor defendants was error warranting reversal.
 

 We note that our decision in this appeal represents a rejection of contractor defendant Olivieri’s alternative argument that summary judgment in his favor was also warranted because of the absence of evidence to establish his responsibility for the construction defect that led to the roof collapse. Olivieri’s theory is that as the masonry contractor responsible for the construction of the building’s new walls, he had no role in the design or creation of the canopy roof that ultimately collapsed. However, the proof tendered in response to the dismissal motions included affidavits from which a fact finder could infer that Olivieri had failed to leave openings or "pockets” in the wall to allow for its proper connection to the mansard and internal roof structure. In the posture of the case at the time Olivieri’s summary judgment motion was made, this proof was sufficient to raise a triable question of fact as to defendant Olivieri’s role in and responsibility for the roof collapse.
 
 [4]
 

 
 *186
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, the cross motions by Carol Braun, John Braun, J.M. Braun Builders, Inc., and Benito Olivieri denied, and the case remitted to the Supreme Court for further proceedings consistent with this opinion.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur; Judge Wesley taking no part.
 

 Order reversed, with costs, cross motions of defendants Carol Braun, John Braun, J.M. Braun Builders, Inc., and Benito Olivieri to dismiss denied and case remitted to Supreme Court, Erie County, for further proceedings in accordance with the opinion herein.
 

 [1]
 

 . General Municipal Law § 205-a has recently been amended (L 1996, ch 703). Since the meaning and effect of the amended provisions are not necessary to the resolution of this appeal, wé have not considered them.
 

 [2]
 

 . Because of the procedural posture of the case, however, we made no disposition with respect to these defendants (85 NY2d, at 445, n 2).
 

 [3]
 

 . Similarly, our discretionary denial of Zane’s subsequent motion to "clarify” our opinion on this point (86 NY2d 731) did not represent a substantive determination on the contribution and indemnification questions.
 

 [4]
 

 . That Olivieri was not named in any of defendant Zane’s original pleadings does not present an insurmountable barrier to Zane’s asserting a third-party claim against him. Following our remittal, the Supreme Court will have the opportunity to determine, in its discretion, all outstanding
 
 *186
 
 procedural questions, including whether to allow Zane to amend his pleadings to add Olivieri as a third-party defendant and, similarly, whether to permit the conversion of the reinstated cross and counterclaims against the contractor defendants to third-party claims.