■ RICHARD COMI, Plaintiff, v BRESLIN & BRESLIN, a Partnership, et al., Defendants and Third-Party Plaintiffs-Respondents. HAROLD E. RIST et al., Third-Party Defendants-Appellants. [683 NYS2d 345] —Spain, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered October 10, 1997 in Albany County, which denied third-party defendants' motion for summary judgment dismissing the third-party complaint.

Third-party defendants, Harold E. Rist and Ruth M. Rist, were directors, corporate officers and majority stockholders of Glens Falls Communications Corporation (hereinafter the corporation), a business engaged in providing long-distance telephone service. In 1993 the Rists entered into an agreement with plaintiff, under which plaintiff would be hired as one of the corporation's officers; the objective of the agreement was to allow plaintiff an opportunity to observe the corporation's operations for a period of six months prior to entering into a binding agreement to purchase the Rists' stock. Eventually, plaintiff agreed to purchase the Rists' stock; four agreements were executed in connection with that sale: a stock purchase agreement, two deferred compensation agreements, and a pledge and escrow agreement. Included in the stock purchase

agreement is a disclaimer of warranties which states, in part, that "[t]he Buyer has been employed by the corporation as its Chief Operating Officer since March 29, 1993, and is fully familiar with the operations of the Corporation and its assets and liabilities, and consequently the Sellers are making no representations and warranties with regard to the business of the Corporation or its assets and liabilities". Defendants represented plaintiff in connection with the stock purchase.

Approximately one year later, plaintiff wrote a letter to the Rists informing them that he had learned of a concealment and failure to disclose financial obligations of the corporation and that he was going to withhold payments until the agreements were adjusted to reflect the undisclosed liabilities. In response, the Rists commenced a declaratory judgment action against plaintiff in Supreme Court in Warren County and also sought money damages from plaintiff. Plaintiff then moved for a preliminary injunction enjoining the release of the stock. Supreme Court denied plaintiff's motion and ultimately the Rists recovered their stock from escrow and sold it to a third party.

Following further negotiations, a settlement stipulation was entered into between plaintiff and the Rists. Pursuant to this settlement stipulation, plaintiff agreed to buy the stock of the Rists, give the Rists additional security for the price of the stock, and give the Rists a general release from his claims of fraud. Shortly after the execution of the settlement stipulation, plaintiff filed for bankruptcy making performance of the stipulated settlement virtually impossible. Plaintiff also commenced an adversary proceeding in Bankruptcy Court seeking a judgment that the stock of the corporation was the property of his bankruptcy estate. The Bankruptcy Court, however, ruled against plaintiff holding that the corporation stock was not part of his bankruptcy estate. Plaintiff then commenced the instant action against defendants in Albany County for legal malpractice in connection with their representation of him in the purchase of the stock, alleging that defendants were negligent in failing to discover misrepresentations made by the Rists and in failing to properly advise him on the matter.

Defendants answered and commenced a third-party action against the Rists. In response the Rists sought an order enforcing that part of the stipulated settlement which entitled them to a general release of plaintiff's claims of fraud. Supreme Court (Dier, J.) denied the Rists' motion on the ground that plaintiff's filing for bankruptcy and their subsequent resale of the stock constituted a rescission of the stipulation. The Rists

then moved for summary judgment, alleging that defendants had failed to state a cause of action for fraud, that the judgment of the Bankruptcy Court barred defendants' claims under the doctrines of collateral estoppel and res judicata, and that defendants had no right of contribution. Supreme Court denied the Rists' motion. The Rists now appeal from that order.

Initially, we reject the Rists' contentions that there is no right of contribution against adverse parties in a legal malpractice action and that the alleged injury caused by them is separate and distinct from the alleged injury caused by defendants, and therefore contribution is not allowable. A contribution claim may be interposed when two or more parties are alleged to be liable for damages for the same injury (*see*, CPLR 1401). "[C]ontribution is available 'whether or not the culpable parties are allegedly liable for the injury under the same or different theories'" (*Raquet v Braun*, 90 NY2d 177, 183, quoting *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603). "The critical requirement for apportionment under * * * CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (*id.*, at 603).

Here, plaintiff claims that defendants were negligent in failing to discover, and protect him against, the Rists' misrepresentations. Defendants claim that any injury that may have been caused to plaintiff was due, at least in part, to the alleged fraudulent concealment by the Rists. Thus, although different theories are offered as to the cause of injury (*see*, *Raquet v Braun, supra*, at 183), it is plausible that defendants' and the Rists' actions and/or omissions, together, may have contributed to plaintiff's alleged single injury (*see*, *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., supra*, at 603). Accordingly, defendants are entitled to seek contribution.

Next, it is well settled that a contract clause which specifically disclaims the buyer's reliance on representations of the seller usually negates the reliance on misrepresentation required to support a claim of fraudulent misrepresentation (*see*, *Danann Realty Corp. v Harris*, 5 NY2d 317, 322-323; *Liner Technology v Hayes*, 213 AD2d 881, 882-883; *Pinney v Beckwith*, 202 AD2d 767, 768-769). However, where a party to an agreement conceals a material fact which he or she is in good faith bound to disclose, such silence may constitute an actionable misrepresentation (*see*, *Rosenschein v McNally*, 17 AD2d 834). Moreover, "even where the parties have executed a specific disclaimer of reliance on a seller's representations, a

purchaser may not be precluded from claiming reliance on any oral misrepresentations if the facts allegedly misrepresented are peculiarly within the seller's knowledge" (*Tahini Invs. v Bobrowsky*, 99 AD2d 489, 490).

It is undisputed in this case that plaintiff executed a disclaimer of warranties indicating that the Rists made no representations as to the corporation's financial situation. However, plaintiff has alleged that the financial records contained false entries that were made at a time when the Rists were in control of the corporation, and that these misrepresentations resulted in his inability to ascertain the corporation's true financial obligations. These allegations create a question of fact as to whether, through reasonable inquiry, plaintiff could have determined the truth of the subject of the alleged concealment. Accordingly, Supreme Court properly denied the Rists' motion for summary judgment (*see, Casey v Masullo Bros. Bldrs.*, 218 AD2d 907, 908).

Finally, we reject the Rists' contention that defendants' claim is barred under the doctrines of res judicata and collateral estoppel. "[T]he doctrine of *res judicata* gives 'binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein' " (*Watts v Swiss Bank Corp.*, 27 NY2d 270, 277, quoting *Matter of Shea*, 309 NY 605, 616). In order to establish privity, "the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253). To invoke the doctrine of collateral estoppel it must be shown that there is an identity of issue which has necessarily been decided in the prior litigation and which is decisive of the present action, and that the party sought to be estopped had a full and fair opportunity to contest the decision that is now claimed to be controlling (*see, Gilberg v Barbieri*, 53 NY2d 285, 291). Due process mandates that in order for a person to be bound by an adverse determination made in a prior proceeding, that person must have been a party, or in privity with a party, in the prior proceeding (*see, id.*, at 291).

Here, it is undisputed that defendants were not parties to the proceeding in Bankruptcy Court and, therefore, did not have a full and fair opportunity to contest the matter (*see, id.*, at 291). Moreover, since defendants' relationship with plaintiff had terminated before the dispute between plaintiff and the Rists arose, there was no privity between plaintiffs and

defendants. Defendants had absolutely no control over the litigation (*see, Tamily v General Contr. Corp.*, 210 AD2d 564, 566) and, as such, neither they nor their interests were adequately represented (*see, Green v Santa Fe Indus., supra*, at 253). Further, it is unclear from the record before us whether Bankruptcy Court denied plaintiff's motion on the merits of the fraud claim. Accordingly, Supreme Court properly held that defendants' claim is not barred by res judicata or collateral estoppel (*see, Specialty Rests. Corp. v Barry*, 236 AD2d 754, 756).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.