■ NEIL H. MELNICK, Appellants, v RONALD PARLATO et al., Defendants, and STUART COHEN, Respondent. [745 NYS2d 68] —In an action, inter alia, to recover damages for architectural malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nastasi, J.), entered November 30, 2000, as, upon granting that branch of the motion of the defendant Stuart Cohen pursuant to CPLR 4401 which was to dismiss the complaint insofar as asserted against him at the close of the plaintiffs' case, is in favor of that defendant and against them dismissing the complaint insofar as asserted against him.

Ordered that the order and judgment is affirmed, with costs.

The only claim that was tried was the plaintiffs' second cause of action alleging architectural negligence against the defendant, Stuart Cohen. It is undisputed that no contract existed between Cohen and the plaintiffs for design and supervision services with respect to the construction of the plaintiffs' patio. Therefore, to establish the meritorious nature of that cause of action, the burden was on the plaintiffs to establish that the functional equivalent of privity of contract arose between themselves and Cohen as a result of Cohen's actions (*see Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417). Under the three-part test articulated in Ossining, the plaintiffs failed to establish that the functional equivalent of contractual privity existed between themselves and Cohen. The plaintiffs failed to show that (1) Cohen was aware that his architectural sketch of the patio would be used for a particular purpose, (2) they relied upon Cohen's sketch, and (3) the existence of some conduct by Cohen "linking" him to the plaintiffs and "evincing" his understanding of that reliance (*Ossining, supra* at 425). Consequently, the plaintiffs failed to make a prima facie case of architectural malpractice against Cohen, and the Supreme Court properly granted that branch of his motion which was to dismiss the complaint insofar as asserted against him.

In light of our determination, the parties' remaining contentions need not be addressed. Florio, J.P., O'Brien, Krausman and Luciano, JJ., concur.