■ GRAHAM KUHN et al., Plaintiffs, v SUGAR REEF INC., Doing Business as GLOBAL 33, et al., Defendants. (And a Third-Party Action.) SUGAR REEF INC., Doing Business as GLOBAL 33, Second

Third-Party Plaintiff-Respondent, v Buckmiller Automatic Sprinkler Corp. et al., Second Third-Party Defendants-Appellants. [854 NYS2d 891]—Order, Supreme Court, New York County (Debra A. James, J.), entered October 24, 2006, which denied the second third-party defendants' motion to dismiss the second third-party complaint seeking common-law indemnification or contribution, unanimously modified, on the law, to dismiss the claim for common-law indemnification, and otherwise affirmed, without costs.

When a fire broke out at a restaurant owned by third-party plaintiff Sugar Reef Inc., doing business as Global 33, in April 2000, the automatic sprinkler system was activated but did not put out the fire. The system had been installed by third-party defendant Buckmiller Automatic Sprinkler Corp. in early 1990 and inspected monthly by third-party defendant Petzvel Corp. for a year preceding the fire. Although Sugar Reef conceded its own negligence, issues of fact exist as to negligence on the part of Buckmiller and Petzvel and whether any of their actions or omissions were an additional proximate cause of the fire (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *lv denied* 95 NY2d 769 [2000]; *see also* CPLR 1401).

As Sugar Reef admitted fault, it is not entitled to common-law indemnification (*see Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [2006], *appeal dismissed* 7 NY3d 864 [2006]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.