(July 1, 2008)

■ MIGUEL PIMENTEL, an Infant, by His Mother and Natural Guardian, SANTA REYES, et al., Plaintiffs, v LEONCIO DEJESUS, Appellant-Respondent, and CHASE MANHATTAN AUTO FINANCE CORP., Respondent-Appellant, et al., Defendant. [861 NYS2d 332]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered September 14, 2006, which, to the extent appealed from, granted the motion of defendant Chase Manhattan Auto Finance for indemnification from defendant DeJesus to the extent of 30% of the total jury verdict, unanimously modified, on the law, without costs, to deny the motion in its entirety.

Chase is not entitled to indemnification from DeJesus. It is well settled that "the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). No such duty existed between Chase and DeJesus before the accident, and none was created by Chase's pre-verdict settlement, to which DeJesus was not a party.

We note that Chase no longer argues that it is entitled to contribution from DeJesus. Concur—Lippman, P.J., Mazzarelli, Andrias, Buckley and Sweeny, JJ.