PERKINS EASTMAN ARCHITECTS, P.C., Plaintiff,

v.

THOR ENGINEERS, P.A., Defendant.

No. 09 Civ. 7911(RJS).

United States District Court, S.D. New York.

Jan. 21, 2011.

Douglas J. Lutz and Michael Thomas Rogers, Wasserman Grubin & Rogers LLP, New York, NY, for Plaintiff Perkins Eastman.

Patrick Joseph Hughes, Karen Painter Randall, and Andrew Christopher Sayles,

Connell Foley LLP, Roseland, NJ, for Defendant/Third–Party Plaintiff Thor.

Kalvin Kamien and Richard J. Lambert, Greenberg, Trager & Herbst, LLP, New York, NY, for Third–Party Defendant Atlantic Realty.

## MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge.

Plaintiff Perkins Eastman Architects, P.C. ("Perkins Eastman") brings this action against Defendant/Third–Party Plaintiff Thor Engineers, P.A. ("Thor"), seeking to recover damages resulting from Defendant's allegedly defective structural design for a new multi-story residential and retail building in Englewood, New Jersey ("Englewood Project" or "Project"). Thor, in turn, brings a Third–Party Complaint against the owner and developer of the Englewood Project, Third–Party Defendant Atlantic Realty Development Corporation ("Atlantic Realty"), seeking contribution and indemnification.[1]

Before the Court is Atlantic Realty's motion to dismiss the Third–Party Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

## I. BACKGROUND [2]

On or about November 11, 2004, Atlantic Realty retained Perkins Eastman to provide architectural services in connection with the Englewood Project. In December 2004, Perkins Eastman retained Thor to provide structural design services related to the Project, including designs for the foundations, footings, and structural slab.

On or about September 2008, Atlantic Realty retained Weathertite Company to perform construction services related to cracking in the basement and structural slabs and water infiltration allegedly observed at the Project. Atlantic Realty then demanded that Perkins Eastman indemnify Atlantic Realty for all costs and expenses associated with the cracking and water infiltration, including the costs of Weathertite's services.

In response to the demand made by Atlantic Realty, Perkins Eastman commenced this action by filing a complaint ("First–Party Complaint") in the United States District Court for the Southern District of New York on September 15, 2009. The First–Party Complaint alleges that Thor committed both breach of contract and professional malpractice, and that Perkins Eastman was entitled to contractual and common law indemnification for any recovery related to the cracking and water infiltration. Thor then filed a Third–Party Complaint on January 21, 2010, seeking contribution and common law indemnification from Atlantic Realty for negligent implementation of the structural designs prepared by Thor. Atlantic Realty filed a motion to dismiss the Third–Party Complaint on August 13, 2010, and the motion was fully submitted on September 14, 2010.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege

---

1. Although the Third–Party Complaint also names "John Doe (1–100)" and "ABC Corp. (MOO)" as Third–Party Defendants in this case, Thor has failed to amend the pleading to allege the true names of these fictitious individuals and entities. Accordingly, the Court's analysis will focus on the only named Third–Party Defendant, Atlantic Realty.

2. The following facts are drawn from the Third–Party Complaint ("TPC"), Thor's Answer to the First–Party Complaint, and the portions of the First–Party Complaint ("FPC") admitted or included by reference therein.

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). By contrast, a pleading that only "offers ' labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted). In deciding whether a plaintiff has reached the facial plausibility threshold, this Court must accept all well-pled factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007).

### III. DISCUSSION [3]

#### A. Choice of Law

 Before proceeding to the merits, the Court must decide what law to apply to this case. Rule 14(a) of the Federal Rules of Civil Procedure generally "permits a defending party to implead another who is or may be liable to the third-party plaintiff for all or part of the plaintiffs claim against the third-party plaintiff." *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437–38 (2d Cir.2000) (internal quotation marks omitted). However, it is well settled that Rule 14(a) "provides only the procedural mechanism for impleader; the substantive merit of the action depends on the federal or state theory of contribution, indemnity or subrogation, or any other theory asserted in the third-party complaint." *Telecom Intern. Am., Ltd. v. AT & T Corp.*, No. 96 Civ. 1366(AKH), 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999). Accordingly, Rule 14(a) does not control the Court's substantive analysis on a motion to dismiss.

 Rather, it is well established that "federal courts sitting in diversity apply state substantive law," *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996), and adopt the choice of law analysis of the forum state, *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield*, 448 F.3d 573, 582 (2d Cir.2006). "Where the applicable law from each jurisdiction provides different substantive rules, a conflict of laws analysis is required." *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir.1998). However, "the Court need not 'embark on a choice-of-law analysis in the absence of an actual conflict between the applicable rules of … [the] relevant jurisdictions.'" *DeBlasio v. Merrill Lynch & Co.*, No. 07 Civ. 318(RJS), 2009 WL 2242605, at *19 n. 14 (S.D.N.Y. July 27, 2009) (quoting *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir.2005)).

 In this case, the parties have briefed the issues of contribution and in-

---

3. In ruling on the instant motion, the Court has considered Atlantic Realty's Memorandum of Law in Support of the Motion to Dismiss the Third–Party Complaint ("Atlantic Realty's Mem."); Thor's Memorandum of Law in Opposition to the Motion to Dismiss the Third–Party Complaint ("Thor's Opp'n"); and Atlantic Realty's Reply Memorandum of Law in Support of the Motion to Dismiss the Third–Party Complaint ("Reply"). The Court does not rely on the additional exhibits submitted by Atlantic Realty in resolving the motion to dismiss, since such materials are neither referenced nor incorporated by the Third–Party Complaint.

demnification under both New York and New Jersey law. (*See* Atlantic Realty's Mem. at 5, 10; Thor's Opp'n at 10, 15; Reply at 5.) Although the parties cite the same New York and New Jersey cases for opposing propositions, neither party has identified a relevant conflict between the two jurisdictions. Indeed, each party insists that it would prevail under the law of either state. (*See* Atlantic Realty's Mem. at 5, 10; Thor's Opp'n at 10, 15; Reply at 5.) Upon careful review of the elements of contribution[4] and common law indemnification[5] claims under New York and New Jersey law, the Court concludes that there is no substantive conflict that would trigger a formal choice-of-law analysis in this case. Accordingly, the Court will apply the substantive law of New York to resolve the instant motion.

## B. Contribution Claim

"The source of a right of contribution under state law must be an obligation imposed by state law." *LNC Inv., Inc. v. First Fid. Bank*, 935 F.Supp. 1333, 1349 (S.D.N.Y.1996). The applicable statute in New York provides that:

> [T]wo or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.

N.Y. C.P.L.R. § 1401. The Court will examine and apply each element of the statute, as construed by the New York courts, in turn.

### 1. Predicate Tort Liability

As a threshold matter, the New York contribution statute "may not be invoked to apportion liability arising solely from breach of contract." *City of Kingston Water Dep't v. Charles A. Manganaro Consulting*, No. 01 Civ. 1317(LEK), 2003 WL 355763, at *2 (N.D.N.Y. Feb. 13, 2003) (citing *Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley*, 71 N.Y.2d 21, 28, 523 N.Y.S.2d 475, 517 N.E.2d 1360 (1987)). Rather, it is well settled that "the existence of some sort of tort liability is a prerequisite to application of the statute." *Sargent*, 71 N.Y.2d at 28, 523 N.Y.S.2d 475, 517 N.E.2d 1360; *see PPI Enters. v. Del Monte Foods Co.*, No. 99 Civ. 3794(BSJ), 2003 WL 22118977, at *31 (S.D.N.Y. Sept. 11, 2003). In evaluating predicate tort liability, New York courts have held that " 'merely charging a breach of a duty of due care, employing

---

4. *Compare* N.Y. C.P.L.R. § 1401 ("[T]wo or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought."), *with* NJ. Stat. Ann. § 2A:53A–3 (providing a right of contribution and indemnification when an "injury or damage is suffered by any person as a result of the wrongful act, neglect, or default of joint tortfeasors"). Although worker compensation laws preclude third-party claims for contribution and indemnification only in New Jersey, *Mascarella v. Brown*, 813 F.Supp. 1015, 1017–18 (S.D.N.Y.1993), worker compensation is not at issue in this case.

5. *Compare Highland Holdings & Zito I, LP. v. Century/ML Cable Venture*, No. 06 Civ. 181(GBD), 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007) ("[A] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them."), *with Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, No. 97 Civ. 3496(DRD), 2009 WL 5064757, at *7 (D.N.J. Dec. 16, 2009) ("A party is not entitled to common-law indemnity from another unless it and the other party have been found liable in tort to a third party for the same harm.").

language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim.'" *City of Kingston*, 2003 WL 355763, at *2 (quoting *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 390, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)).

In this case, the First–Party Complaint includes a cause of action for professional negligence/ malpractice in addition to claims for breach of contract and indemnification. (FPC ¶¶ 29–33.) While no parallel malpractice claim appears in the Third–Party Complaint, Thor does seek contribution and indemnification for liability caused by "Atlantic's acts, omissions and negligence as the developer and owner for the Project" (TPC ¶ 25). Although Thor "may not transform a contract action into a tort action" by simply claiming negligence, *City of Kingston*, 2003 WL 355763, at *2, the Third–Party Complaint does attempt to shift liability for "any and all damages" in the primary suit (TPC ¶¶ 27, 31). Because the First–Party Complaint sounds in both contract and tort, the Court assumes *arguendo* that " 'the necessary predicate tort liability for a contribution action remains in the case.'" *Iannuzzi v. Am. Mortgage Network, Inc.*, 727 F.Supp.2d 125, 144 (E.D.N.Y.2010) (quoting *Tower Bldg. Restoration, Inc. v. 20 East 9th St. Apartment Corp.*, 295 A.D.2d 229, 744 N.Y.S.2d 319, 319 (2002)).

### 2. Breach of Duty

■ Beyond the predicate issue of tort liability, "[t]he critical requirement for a contribution claim under New York law is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." *Fashion Shop LLC v. Virtual Sales Group Corp.*, 525 F.Supp.2d 436, 446 (S.D.N.Y.2007). Contribution liability "may flow from either of two sources: breach of a duty to the plaintiff [the injured party] *or* to the party seeking

contribution." *Westport Marina, Inc. v. Boulay*, No. 06 Civ. 5569(DRH), —— F.Supp.2d ——, ——, 2010 WL 1223238, at *10 (E.D.N.Y. March 24, 2010).

A typical contribution claim might turn on the application of the breach requirement to the facts of the particular case. Here, Thor disputes the element itself, characterizing breach of duty as "an unwarranted requirement" without support in the New York contribution statute or related case law. (Thor's Opp'n 10.) For the following reasons, the Court finds that breach of duty is a necessary element of a contribution claim under New York law, and that Thor has failed to allege such a breach.

#### a. The Breach Requirement

■ As noted above, CPLR § 1401 permits contribution claims between "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death." N.Y. C.P.L.R. § 1401. Thor contends that "[n]owhere in Article 14 is there any suggestion that a claim for contribution absolutely requires the existence of a duty ... among a third party plaintiff and a third party defendant." (Thor's Opp'n 10.) This statement is technically accurate, since there is no absolute duty requirement between a third-party plaintiff and a third-party defendant. Rather, a third-party defendant may be liable for contribution where it breaches a duty to either (a) the third-party plaintiff seeking contribution or (b) the first-party plaintiff seeking redress for the underlying tort. *See Narine v. Dave West Indian Prods. Corp.*, No. 07 Civ. 657(ERK)(MDG), 2007 WL 3353484, at *2 (E.D.N.Y. Nov. 7, 2007); *Nassau Roofing & Sheet Metal Co. v. Facilities Development Corp.*, 71 N.Y.2d 599, 603, 528 N.Y.S.2d 516, 523 N.E.2d 803 (1988). In other words, a proper third-party defendant to a contribution claim

may owe a duty to either participant in the first-party action. But in both cases, a breach of that duty will be required.

The case law Thor cites is not to the contrary. In particular, Thor proffers *Comi v. Breslin & Breslin*, 257 A.D.2d 754, 683 N.Y.S.2d 345 (1999), to support the proposition that the tie between the third party defendant and the underlying injury "may or may not exist" through the breach of a duty. (Thor's Opp'n 10–11.) The facts of *Comi* are clear, however, that both the defendant law firm and the third-party defendant sellers allegedly breached a duty to the plaintiff purchaser in that case. *Comi*, 683 N.Y.S.2d at 347–48. Indeed, Thor appears to acknowledge the breach requirement by quoting a key provision of *Comi*: " 'The critical requirement for apportionment under CPLR article 14 is that *the breach of duty by the contributing party* must have had a part in causing or augmenting the injury for which contribution is sought.' " (Thor's Opp'n 11 (quoting *Comi*, 683 N.Y.S.2d at 348) (emphasis added).) Thus, the primary case Thor cites to dispute the breach requirement in fact confirms that breach of duty is a necessary element of a New York contribution claim.

b. The Breach Allegation

■■■■ To establish the existence of a duty under New York law, "[t]he injured party must show that a defendant owed not merely a general duty to society but a specific duty to the particular claimant." *In re Sept. 11 Litig.*, 280 F.Supp.2d 279, 290 (S.D.N.Y.2003). As a general matter, "[t]hose who perform work, or deliver services or products, pursuant to a contractual or other commercial relationship owe duties of care and proper performance to those entitled to receive the benefit of their work or services or products." *In re Sept. 11 Prop. Damage & Bus. Loss Litig.*, 468 F.Supp.2d 508, 531 (S.D.N.Y.2006). "[A]bsent a special relationship between the parties, no duty is owed to the public at large or to those outside the class of people entitled to expect the actor's due care to them." *Id.* at 533.

■■■■ The Third–Party Complaint alleges the existence of an architectural services contract between Atlantic Realty and Perkins Eastman (TPC ¶ 11) and a structural design services contract between Perkins Eastman and Thor (*id.* ¶ 13), but there is no allegation of a contractual relationship between Atlantic Realty and Thor. Instead, the Third–Party Complaint alleges that Atlantic Realty "negligently performed its duties as the developer resulting in, and contributing to, the cracking and water infiltration identified in the first-party complaint, including … a failure to properly implement the structural designs prepared by Thor." (*Id.* ¶ 20.) Although the pleading does not specify the source or the beneficiary of the alleged duty, Thor's opposition papers claim that Atlantic Realty owed a "duty of reasonable care and skill as a developer to construct the project properly in accordance with the design plans and specifications of Thor." (Thor's Opp'n 20.) Thor further contends that "[t]his duty clearly extends to Thor as Atlantic Realty must exercise reasonable care and skill developing the project in accordance with Thor's plans and design specifications." (*Id.* at 21.)

This argument misunderstands the scope of the duty of care. Thor invokes familiar common law language, but glibly assumes that the duty to exercise "reasonable care and skill" in the performance of a contract also extends to noncontractual parties. *See Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co.*, No. 05 Civ. 217(SCR), 2008 WL 190310, at *17 (S.D.N.Y. Jan. 16, 2008). Indeed, Thor claims that by performing construction services on the Englewood Project, Atlantic Realty incurred a duty of care *to Thor*

as the design subcontractor.[6] (Thor's Opp'n 21.) If Thor had separately retained Atlantic Realty as developer, this assertion would undoubtedly hold true. But here there is no "special relationship" between Thor and Atlantic Realty that would trigger such a duty. *See In re Sept. 11 Prop. Damage,* 468 F.Supp.2d at 525. Thor maintains contractual obligations to Perkins Eastman, and Perkins Eastman maintains contractual obligations to Atlantic Realty—but the inverse chain relationship does not hold. In the absence of either contractual privity or its "functional equivalent," the Court finds no duty of care between Atlantic Realty and Thor. *See Melnick v. Parlato,* 296 A.D.2d 443, 745 N.Y.S.2d 68, 69 (2002).

The "unorthodox nature" of this case does not alter this result. (Thor's Opp'n 12.) The Third–Party Complaint alleges that Atlantic Realty was both owner and developer of the Englewood Project (TPC ¶ 7), and Thor protests that the Court "should not allow Atlantic Realty ... to exploit [this] dual role" (Thor's Opp'n 13). But combining owner and developer functions does not trigger additional duties running to a design subcontractor. Although a role merger may well confuse the organizational flow chart of a construction project, it does not entitle the design subcontractor to "receive the benefit" of the services provided by the developer. *In re Sept. 11 Prop. Damage,* 468 F.Supp.2d at 531. Because neither Thor nor Perkins Eastman are entitled to the benefit of construction services provided by Atlantic Realty, the Court concludes that Thor has failed to allege the breach of duty necessary to sustain a contribution claim under New York law.

### 3. Same Injury

The final element of a New York contribution claim is that the breach of duty by the third party must have caused or augmented the "same injury" suffered by the underlying plaintiff. *Steinberg v. Sherman,* No. 07 Civ. 1001(WHP), 2008 WL 2156726, at *6 (S.D.N.Y. May 8, 2008); *see Nassau Roofing,* 71 N.Y.2d at 603, 528 N.Y.S.2d 516, 523 N.E.2d 803. However, a contribution action "will not lie unless all of the essential elements of a cause of action against the proposed contributor can be made out." *McCoy v. Goldberg,* 883 F.Supp. 927, 933 (S.D.N.Y.1995). Because there is no relevant breach of duty by Atlantic Realty in this case, the Court does not reach the same injury analysis.

### C. Indemnification Claim

 "Under New York law, the common law right to indemnification arises when one party is compelled to pay for the wrong of another." *Westport Marina, Inc. v. Boulay,* No. 06 Civ. 5569 (DRII), 2010 WL 4340343, at *4 (E.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted). "[A] cause of action for common-law indemnification can be sustained only if: (1) the party seeking indemnity and the party from whom indemnity is sought have breached a duty to a third person, and (2) some duty to indemnify exists between them." *Highland Holdings & Zito I, L.P. v. Century/ML Cable Venture,* No. 06 Civ. 181(GBD), 2007 WL 2405689, at *4 (S.D.N.Y. Aug. 24, 2007). Thus, a third party action for indemnity "does not lie against one who has not violated a duty owed to plaintiff in the primary action." *Dora Homes, Inc. v. Epperson,* 344 F.Supp.2d 875, 894 (E.D.N.Y.2004). However, the "key element" of a common law

---

**6.** Although the parties spend significant energy debating the implications of *Westchester County v. Welton Becket Assocs.,* 102 A.D.2d 34, 478 N.Y.S.2d 305, 315 (1984), the disput-ed passage of that case does not create a reverse duty of reasonable care running from a developer to a design subcontractor.

indemnification claim "is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor." *Raquet v. Braun*, 90 N.Y.2d 177, 183, 659 N.Y.S.2d 237, 681 N.E.2d 404 (1997) (internal quotation marks omitted).[7]

 In this case, the Third–Party Complaint brings a common law indemnification claim against Atlantic Realty, asserting that "any and all damages sustained by [Perkins Eastman] were the proximate result of the acts and omissions of Atlantic ...." (TPC ¶ 31.) Under the preceding rule, such a claim would require both (1) a breach of duty by Atlantic Realty running to Perkins; and (2) a duty to indemnify running from Atlantic Realty to Thor. For all the reasons stated above, the Third–Party Complaint fails to allege either the requisite duties or their corresponding breach. Accordingly, the Court concludes that Thor has similarly failed to state a claim for common law indemnification.

Contrary to Thor's assertions, this result does not allow Atlantic Realty "to eschew the consequences of its conduct simply because it is the owner of the Project." (Thor's Opp'n 13.) The common law indemnification claim fails not because Atlantic Realty filled dual roles on the Englewood Project, but simply because the Third–Party Complaint does not allege the necessary breach of duty. *See Monaghan v. SZS 33 Assocs., LP*, No. 89 Civ. 4900(RWS), 1994 WL 623185, at *4 (S.D.N.Y. Nov. 9, 1994) ("Although breach of duty is not often the focus of disputes over common law indemnification under New York law, it is a necessary condition to a judicial finding that one party is to be fully indemnified by another.")

### IV. CONCLUSION

Because Thor has failed to plead the breach of duty necessary to sustain a claim for either contribution or indemnification under New York law, Atlantic Realty's motion to dismiss the Third–Party Complaint is HEREBY GRANTED. The Clerk of the Court is respectfully directed to terminate the motion located at document number 53.

IT IS FURTHER ORDERED that nothing herein shall be construed to limit Thor's ability to conduct third-party discovery in support of its affirmative defense of comparative negligence.[8]

SO ORDERED.

---

7. "The indemnitor is the party against whom indemnity is sought. The indemnitee is the party who is seeking to be indemnified." Restatement (Second) of Torts § 886 B cmt. b.

8. To the extent Thor can demonstrate that the alleged damages were caused by the "culpable conduct" of others, N.Y. C.P.L.R. § 1412, Thor's liability will be limited. *See Jones v. State*, 62 A.D.3d 1078, 878 N.Y.S.2d 509, 510 (2009) ("Comparative negligence is an affirmative defense to be pleaded and proved by the party alleging it.").