Ramos v 200 W. 86 Apts. Corp. (2020 NY Slip Op 00227)





Ramos v 200 W. 86 Apts. Corp.


2020 NY Slip Op 00227


Decided on January 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2020

Richter, J.P., Gische, Gesmer, Kern, González, JJ.


10759 155667/18

[*1] Nestor Ramos, et al., Plaintiffs,
v
200 West 86 Apartments Corp., Defendant-Appellant.
200 West 86 Apartments Corp., Third-Party Plaintiff-Appellant,
v
Ben Sevier, et al., Third-Party Defendants-Respondents.


Barclay Damon LLP, Albany (Colm P. Ryan of counsel), for appellant.
David A. Kaminsky & Associates, P.C., New York (James A. English of counsel), for respondents.



Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 9, 2019, which, inter alia, granted third-party defendants' motion to dismiss the third-party complaint, unanimously affirmed, without costs.
The court properly dismissed the claim for contractual indemnification. The alteration agreement could not serve as the basis for the contractual indemnification claim against the third-party defendant shareholders because paragraph 33 of the unsigned alteration agreement explicitly required its execution by third-party plaintiff cooperative to be enforceable
(see Stonehill Capital Mgt. LLC v Bank of the W., 28 NY3d 439, 451 [2016]). The lease also could not serve as a basis for the contractual indemnification claim because the third-party complaint failed to sufficiently allege a violation of the lease's indemnification provision in that it did not allege the shareholders' failure to comply with any provision of the lease, any act or omission by the shareholders or any act or omission by the cooperative while serving as the shareholders' agent.
The court also properly dismissed the claims for negligence, common-law indemnification and contribution as the third-party complaint failed to allege any duty, act, or omission of the shareholders (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011]; Raquet v Braun, 90 NY2d 177, 182 [1997]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2020
CLERK