■ JOHN S. VALENTE, Respondent, v ALLEN SHUMAN AND IRWIN RICHT, D.P.M., P. C., Appellant.—In an action to recover rents and other moneys claimed to be due under an alleged sublease, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Underwood, Jr., J.), entered January 21, 1987, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $9,787.50.

Ordered that the judgment is modified, on the facts, by reducing the sum awarded to the plaintiff to $8,775; as so modified, the judgment is affirmed, without costs or disbursements.

The plaintiff Valente and Allen Shuman, both podiatrists, were shareholders in a professional corporation for five years. The plaintiff purchased the prime lease to the corporation's business premises and subleased it to the corporation pursuant to a sublease which was executed by the plaintiff both as individual sublessor and as president of the sublessee corporation. The plaintiff sold his half of the shares in the corporation to Irwin Richt with the express representation that there were no prior debts or claims against the corporation. The plaintiff now seeks to recover from the defendant, a successor corporation formed by Allen Shuman and Irwin Richt, $12,900 he claims is due for rents and utilities pursuant to the sublease. The defendant denies any knowledge of a written sublease and contends that, even if there was a sublease, it was invalid.

Contrary to the defendant's contentions, we find the sublease valid and enforceable. As president of the corporation, the plaintiff had the power and authority to enter into the sublease on behalf of the corporation. Furthermore, the plaintiff's execution of the sublease as both sublessor and sublessee did not present a conflict of interest. An officer may lease property to the corporation provided the transaction is not intended to enrich the officer or director or majority shareholder at the expense of the minority shareholders (see, Metzger v Knox, 77 Misc 271, affd 153 App Div 911). The record reveals no improper motive on the part of the plaintiff.

We also disagree with the defendant's contention that the court improperly excluded evidence of partial payment at trial. The defendant's failure to plead payment as an affirmative defense in either its answer or in its motion to dismiss constitutes a waiver of the defense and barred it from introducing the evidence of partial payment at the trial (see, CPLR 3211 [e]; 3018 [b]; Siegel, NY Prac § 263).

Also without merit is the defendant's contention that the plaintiff's testimony that $225 of the corporation's $625 monthly rent payments were allotted to utilities should have been excluded under the parol evidence rule. Where a valid contract is incomplete, parol evidence is admissible to complete the writing if it is apparent from an inspection of the writing that all the particulars of the agreement are not present and the parol evidence sought to be introduced does not vary or contradict the writing (see, Thomas v Scutt, 127 NY 133; Richardson, Evidence § 614 [Prince 10th ed]). It is apparent from the face of the sublease that provision for the

monthly utility charge was omitted and the plaintiff's testimony neither varied nor contradicted the sublease terms.

Finally, we find that the court properly found the defendant liable for payments for utilities. However, just as the defendant is not liable for rent for the period prior to its formation, it cannot be held liable for utility charges incurred during the same period. Therefore, that portion of the judgment which awarded the plaintiff utility payments is reduced accordingly.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.