■ LINER TECHNOLOGY, INC., Respondent, v HARRY R. HAYES et al., Doing Business as HAYES & HAYES, Appellants. [624 NYS2d 284] —Mikoll, J. Appeal from an order of the Supreme Court (Conway, J.), entered December 9, 1993 in Albany County, which granted plaintiff's motion for summary judgment and dismissed defendants' counterclaims.

Plaintiff retained defendants to represent it in litigation against a general contractor and a municipality in New Jersey. In the midst of the litigation, plaintiff indicated to defendants that it was unwilling to continue its retention of defendants as counsel in the matter using an hourly rate and costs and disbursements method, and that unless defendants were willing to reduce their fee plaintiff would hire other counsel. Thereafter, defendants offered to complete the New Jersey matter for $20,000 plus disbursements, payable in four monthly installments of $5,000 each. The offer was memorialized in a November 4, 1992 letter to plaintiff and defendants continued with the litigation. Plaintiff paid defendants $20,000 in four monthly installments of $5,000 each. Defendants submitted a fifth bill for $5,000 which was rejected by plaintiff and was withdrawn by defendants. After the litigation was completed, by letter of July 2, 1993 defendants sought a bonus payment of $20,000 out of the proceeds because of their underestimation of the time required to finish the matter. Plaintiff rejected the demand.

Plaintiff commenced this action to secure the amount realized in the New Jersey litigation. Defendants counterclaimed alleging nonacceptance of the letter agreement by plaintiff. Alternatively, they sought rescission of the agreement based on fraud and an order pursuant to Judiciary Law § 475 requiring plaintiff to pay the difference between the counsel fees paid and the reasonable value of legal services rendered. Supreme Court granted plaintiff's motion for summary judgment and dismissed defendants' counterclaims, finding that no question of fact is involved because the November 4, 1992 letter is clear as to the parties' obligations.

As to defendants' contention that the letter agreement was never accepted by plaintiff, the uncontested proof of performance of the agreement as per its terms by the parties belies such contention. An offer may be accepted by conduct or acquiescence (see, Costello Assocs. v Standard Metals Corp., 99 AD2d 227, 231). Plaintiff has established its entitlement to summary judgment.

Defendants' counterclaim in fraud is based on plaintiff's alleged promise to pay a bonus at the conclusion of the litigation which defendants contend induced them to change the prior payment agreement. This counterclaim was properly dismissed. Public policy precludes a cause of action for fraud by an attorney against a client (see, Demov, Morris, Levin & Shein v Glantz, 53 NY2d 553, 557). Further, it has been held that where an express provision in a written contract contra-

dicts the claimed oral representation, the conflict negates the claim of reliance upon the latter *(see, Bango v Naughton,* 184 AD2d 961, 963). Defendants are not entitled to a bonus since no written document supports their allegation.

Finally, defendants' claim pursuant to Judiciary Law § 475 fails as a matter of law. Defendants alleged an entitlement to a bonus based on the favorable outcome of the New Jersey litigation. This is similar to a contingency fee agreement which must be in writing *(see,* Code of Professional Responsibility DR 2-106 [D]). No written agreement as to a bonus exists thus no proof of an unpaid balance exists.

We decline to impose sanctions sought by plaintiff finding that though the appeal is without merit, we do not conclude that it is frivolous.

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.