■ AHLSTROM MACHINERY, INC., Formerly Known as KAMYR, INC., Plaintiff, v ASSOCIATED AIRFREIGHT, INC., Now Known as ASSOCIATED GLOBAL SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. J.F. LOMMA, INC., Third-Party Defendant-Appellant. [708 NYS2d 497] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered May 20, 1999 in Warren County, which partially granted defendant's motion for summary judgment on the third-party complaint.

The instant appeal requires a determination of the enforceability of a bid proposal for transportation services which was withdrawn after the bidder began to perform. On December 8,

1995, plaintiff, a supplier of paper-making equipment, and defendant, a shipping company, entered into a contract whereby the latter would transport a large piece of equipment (an atmospheric diffuser) from New Jersey to Mississippi for the sum of $198,610. Defendant contemplated that the move would be divided into three parts, two land segments and a sea segment. First, the diffuser would be transported by truck from Fairfield, New Jersey, to the Port of Newark where it would be loaded onto a barge. The barge would then transport the diffuser to Pascagoula, Mississippi, where it would again be loaded onto a truck and transported to its final destination in New Augusta, Mississippi. Defendant's willingness to transport the diffuser for the agreed-upon price was predicated in part on a November 21, 1995 faxed bid from third-party defendant, J.F. Lomma, Inc. (hereinafter Lomma), to perform *both* of the land-based phases of the trip for a "budget price" of $55,000 exclusive of the cost (if any) of moving utilities along the route. In January 1996, Lomma began to take possession of the equipment and completed the process of loading it on January 23, 1996.

On January 30, 1996, seven days after it had taken possession of the equipment in New Jersey, Lomma notified defendant that the cost of the New Jersey leg of the trip *alone* would be $51,980 and that the cost of the Mississippi leg would be $106,504, for a total cost of $158,484, more than $100,000 in excess of the November 21, 1995 "budget price". After defendant notified plaintiff of its inability to honor its contract for the agreed upon price of $198,610, plaintiff contracted *directly* with Lomma to perform the entire move for $273,838.60. In the ensuing litigation between the parties, plaintiff's motion for summary judgment on its breach of contract claim against defendant was granted by Supreme Court as to liability only. On a prior appeal, this Court affirmed so much of Supreme Court's order as found defendant liable (251 AD2d 852). We also reversed that portion of the order that found an issue of fact as to damages and granted plaintiff judgment for $75,228.60, the difference between defendant's price and Lomma's price (*id.*). Presently before this Court is Lomma's appeal from Supreme Court's order granting defendant summary judgment on its third-party claim. The court found an enforceable contract between defendant and Lomma as evidenced by Lomma's partial performance of the November 21, 1995 proposal. Rejecting Lomma's argument that material questions of fact persist, we affirm.

To be sure, an offer to enter into a contract must be "definite

and certain" (*Concilla v May*, 214 AD2d 848, 849, *lv denied* 86 NY2d 705). In this regard, we reject Lomma's characterization of its November 21, 1995 fax as a "preliminary estimate". To the contrary, it named the parties, described the equipment to be shipped both by weight and dimension, identified the route from point of origin to ultimate destination, quoted the "budget price" (exclusive of utility costs) and was subscribed to by Lomma's vice-president. Indeed, even if we were to find that the differing versions of subsequent meetings and conversations between representatives of defendant and Lomma created a question of fact as to whether defendant communicated its acceptance of the November 21, 1995 offer, Lomma's conduct in picking up the equipment eliminates any ambiguity. In determining whether a party entered into a binding contract, courts eschew the subjective and look to objective manifestations of intent as established by "words *and deeds*" (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 399 [emphasis supplied]; *see*, Restatement [Second] of Contracts § 34 [2]). If we were to credit Lomma's subjective explanation for taking possession of the equipment—i.e., as an accommodation to another—it would result in the inequity of plaintiff receiving the benefit of its bargain, with defendant losing $75,228.60* and Lomma retaining any profit from the transaction, a result properly rejected by Supreme Court.

To the extent not otherwise addressed, Lomma's remaining contentions have been examined and found to be without merit.

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Actually, defendant paid plaintiff *$87,500* to satisfy plaintiff's judgment.