■ KENNETH J. HENRICH, Appellant, v PHAZAR ANTENNA CORP. et al., Respondents. [827 NYS2d 58]—

In an action to recover damages for breach of contract and constructive discharge, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), dated March 16, 2005, which granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint and denied his cross motion pursuant to CPLR 3211 (b) to dismiss the defendants' fifth affirmative defense or, in the alternative, for summary judgment dismissing the defendants' fifth affirmative defense.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the amended complaint and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

The plaintiff is an electrical engineer who was previously employed by a nonparty, BAE Systems (hereinafter BAE). The defendants Phazar Antenna Corp. (hereinafter Phazar Antenna) and Antenna Products Corp. are wholly-owned subsidiaries of Phazar Corp. (hereinafter Phazar), whose principal place of business is located in Fort Worth, Texas. In early 2000, Phazar acquired certain cellular antenna technology from BAE and formed Phazar Antenna to design and sell cellular technology and related products. Phazar Antenna initially operated out of BAE's Greenlawn office and, in May 2001, relocated to Ronkonkoma.

Prior thereto, in May 2000, the plaintiff and Phazar Antenna's former president, Allan E. Greenberg, entered into negotiations, without the benefit of counsel, which culminated in the execution of a May 11, 2000, "letter employment agreement" (hereinafter the agreement) pursuant to which the plaintiff was retained as Phazar Antenna's Director of Engineering. The agreement delineated the plaintiff's annual salary, stock options, and ancillary benefits in detail. The location where he was to work, however, was omitted. The plaintiff alleges, inter alia, that in response to his inquiry, Greenberg explicitly "assured" him that the company would remain on Long Island.

Indeed, the plaintiff was reportedly reluctant to relinquish his secure position with BAE for the risk and relative uncertainty associated with a start-up entity. The agreement therefore provided that "[e]xcept for termination resulting from gross misconduct, a minimum notice of six months will be provided before a termination becomes effective" and during that interval, "incentive compensation is to be paid in full."

Phazar Antenna subsequently commenced operations and suffered significant losses. As a cost-saving measure, negotiations thereafter ensued among Greenberg, Gary W. Havener, the Chairman of Phazar's Board of Directors, and the plaintiff, with respect to the plaintiff's potential voluntary resignation. However, in April 2002 the talks collapsed, allegedly because the three men were unable to reach agreement as to the plaintiff's severance package. Ultimately, on May 3, 2002, Phazar's Board of Directors adopted a resolution declaring that Phazar Antenna "close the operation in Ronkonkoma, New York, provide all of the employees with employment contracts with notice that they are to report to work at Antenna Products [in Mineral Wells, Texas] on June 3, 2002, and terminate the other employees." The plaintiff was subsequently notified by letter dated May 24, 2002, that because of its "significant losses over the past two years," on June 3, 2002, Phazar Antenna was relocating to Mineral Wells. His time to move was later extended until July 1, 2002, and thereafter, the plaintiff's employment was terminated, effective on July 28, 2002.

The amended complaint asserts causes of action for breach of the May 11, 2000, employment contract and constructive discharge (see Kaptan v Danchig, 19 AD3d 456 [2005]; Evans v Winston & Strawn, 303 AD2d 331 [2003]; 52 NY Jur 2d, Employment Relations §§ 84-85).

The defendants moved, inter alia, for summary judgment dismissing the amended complaint, and the plaintiff crossmoved for dismissal of the defendants' fifth affirmative defense founded on documentary evidence (see CPLR 3211 [b]). The defendants contend, in sum, that Phazar Antenna was compelled to relocate in order to avoid bankruptcy and, in any event, was not precluded from moving. Rather, despite receiving two extensions of time, the plaintiff purportedly breached a material provision of the agreement by refusing to relocate to Texas. The Supreme Court found the terms of the contract to be "clear and unambiguous," granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint, and denied the plaintiff's cross motion.

"The fundamental, neutral precept of contract interpretation

is that agreements are construed in accord with the parties' intent [and] '[t]he best evidence of what the parties to a written agreement intend is what they say in their writing' " (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002], quoting *Slatt v Slatt*, 64 NY2d 966, 967 [1985]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records, supra* at 569). Extrinsic or parol evidence of the parties' intent may be considered only if the agreement is ambiguous (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 33 [2002]).

Where, for example, as here, the terms of the contract are incomplete, parol evidence may be considered in order to ascertain the parties' intent. " '[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]). Therefore, a court "will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" (*Reiss v Financial Performance Corp., supra*, at 199).

Contrary to the conclusion of the Supreme Court, the parties' agreement is, however, neither clear nor complete. The location where the plaintiff was to work was omitted. Moreover, while silence alone does not equate to ambiguity (*see Greenfield v Philles Records, supra* at 573), the parties' intent at formation is unclear. This is particularly true in the absence of a sworn statement from Greenberg as to his alleged assurance that the company would remain on Long Island. Accordingly, under the circumstances, neither party established a prima facie entitlement to summary judgment and the Supreme Court erred by granting the defendants' motion for summary judgment dismissing the amended complaint. A triable issue of fact exists as to whether Phazar Antenna's continued presence on Long Island was a condition precedent to the plaintiff's obligation to perform. Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.