RICHARD G. KNIGHT, Appellant, v JON W. BARTEAU et al., Respondents. [884 NYS2d 470]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered May 27, 2008, which, upon an order of the same court dated March 27, 2008, denying its motion for summary judgment on the complaint and granting the defendants' cross motion for summary judgment dismissing the complaint, is in favor of the defendants and against it, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The parties executed a contract for the sale of real property, pursuant to which the plaintiff (hereinafter the buyer) gave the defendants (hereinafter the sellers) a down payment. The contract provided that, inter alia, upon the buyer's provision of notice to the sellers of valid grounds for refusing to close, the sellers could elect either to cancel the contract or adjourn the closing date for a period not exceeding 60 days to remedy any purported defects.

The title report identified numerous exceptions, including the encroachment of a fence onto adjoining property. Because of the identified exceptions, the parties failed to close on the scheduled date of April 26, 2006.

By letter dated May 12, 2006, the buyer expressed his willingness to work with the sellers to resolve the exceptions. The buyer also proposed that the parties obtain a boundary line agreement with the owners of the adjoining property, and offered a sum of money to assist in the process. By letter dated June 27, 2006, 62 days after the adjourned closing, the buyer submitted to the sellers a proposed boundary line agreement which had been drafted by the buyer's title insurance company.

By letter dated September 18, 2006, the sellers provided the buyer with a boundary line agreement executed by the owners of the adjoining property, unilaterally scheduled October 11, 2006, as a second closing date, and notified the buyer that time was of the essence. The buyer did not appear at the second scheduled closing. The sellers declared the buyer in default, retained the down payment as liquidated damages, and sold the property to a third party, utilizing the executed boundary line agreement.

After commencing this action, the buyer moved for summary judgment on the complaint, seeking a return of the down payment, and contending, among other things, that the sellers had not complied with the contract of sale in a timely manner. The sellers cross-moved for summary judgment dismissing the complaint. Upon its determination that the buyer's proposal for a boundary line agreement was a new offer lacking a date by which it should be accepted, therefore requiring the sellers' compliance within a reasonable period, and that the sellers had complied with the new offer within a reasonable period, the Supreme Court denied the buyer's motion for summary judgment on the complaint and granted the sellers' cross motion for summary judgment dismissing the complaint.

An offer to enter into a contract must be definite and certain to assure that the parties are in agreement to all material terms (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589-590 [1999]; *Ahlstrom Mach. v Associated Airfreight*, 272 AD2d 739, 740-741 [2000]), and may be accepted by conduct (*see Consarc Corp. v Marine Midland Bank, N.A.*, 996 F2d 568, 573 [1993]; *Liner Tech. v Hayes*, 213 AD2d 881, 882 [1995]). Although a party may agree to be bound to a contract even where a material term is left open, there must be sufficient evidence that both parties intended this arrangement (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d at 590). Extrinsic evidence of the parties' intentions may be considered only if the agreement is ambiguous or incomplete (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]).

In light of the clear, unequivocal, and unambiguous language in the letter dated May 12, 2006, the Supreme Court properly determined that the buyer's proposal constituted an offer to the sellers to modify the deadline by which they could provide marketable title (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d 29, 32 [2002]). The Supreme Court also properly determined that although the proposal was missing the material term of the

deadline by which the sellers should provide the boundary line agreement, the parties' conduct established their willingness to keep that term open (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d at 590) and the buyer's acknowledgment that the sellers could not deliver marketable title until after the 60-day period had run (*see Consarc Corp. v Marine Midland Bank, N.A.*, 996 F2d at 573; *Greenfield v Philles Records*, 98 NY2d at 569; *Henrich v Phazar Antenna Corp.*, 33 AD3d at 867).

Moreover, the evidence indicated that the sellers accepted the proposal by providing the buyer with an executed boundary line agreement within a reasonable period (*see Consarc Corp. v Marine Midland Bank, N.A.*, 996 F2d at 573; *Liner Tech. v Hayes*, 213 AD2d at 882). Subsequently, upon proper notification to the buyer that time was of the essence, and upon the buyer's failure to appear at the second scheduled closing date, the sellers were entitled to declare the buyer in default (*see Charchan v Wilkins*, 231 AD2d 668 [1996]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and properly granted the defendants' cross motion for summary judgment dismissing the complaint (*see R/S Assoc. v New York Job Dev. Auth.*, 98 NY2d at 32; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Barrera v Chambers*, 38 AD3d 699, 700 [2007]; *Gargano v Rubin*, 200 AD2d 554, 555 [1994]).

The parties' remaining contentions are without merit. Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur. [*See* 19 Misc 3d 1118(A), 2008 NY Slip Op 50767(U).]