■ ZAHID ZAIDI, Plaintiff, v NEW YORK BUILDING CONTRACTORS, LTD., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant. LTC ELECTRIC, INC., Third-Party Defendant-Appellant. [951 NYS2d 573]—

The plaintiff commenced this action against the defendants to recover damages for personal injuries sustained on a construction site while he was employed by the third-party defendant LTC Electric, Inc. (hereinafter LTC). The defendants/third-party plaintiffs, New York Building Contractors, Ltd., and Valenza Contractors, Inc., the owner of the premises and the general contractor for the construction project, respectively, commenced a third-party action against LTC, asserting four causes of action.

LTC moved for summary judgment dismissing the third-party complaint. In an order dated April 16, 2007, the Supreme Court granted those branches of the motion which were for summary judgment dismissing the first, second, and third causes of action. However, the court denied that branch of LTC's motion which was for summary judgment dismissing the fourth cause of action, which alleged breach of contract. The court determined that there was an issue of fact as to whether LTC breached an agreement to procure insurance naming the third-party plaintiffs as additional insureds.

LTC subsequently moved for leave to reargue that branch of its motion which was for summary judgment dismissing the fourth cause of action in the third-party complaint. Upon reargument, the Supreme Court adhered to its original determination with respect to that branch of the motion.

"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). "Thus, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.* at 579).

"Extrinsic evidence of the parties' intentions may be considered only if the agreement is ambiguous or incomplete" (*Knight v Barteau*, 65 AD3d 671, 672 [2009]; *see Henrich v Phazar Antenna Corp.*, 33 AD3d 864, 867 [2006]). However, courts may not add terms to a contract and thereby make a new contract

for the parties under the guise of interpreting the writing (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Henrich v Phazar Antenna Corp.*, 33 AD3d at 867). Therefore, a court "will not imply a term where the circumstances surrounding the formation of the contract indicate that the parties, when the contract was made, must have foreseen the contingency at issue and the agreement can be enforced according to its terms" (*Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001]; *see Henrich v Phazar Antenna Corp.*, 33 AD3d at 867). "Where a valid contract is incomplete, extrinsic evidence is admissible to complete the writing if it is apparent from an inspection of the writing that all the particulars of the agreement are not present, and that evidence does not vary or contradict the writing" (*Matthius v Platinum Estates, Inc.*, 74 AD3d 908, 909 [2010]; *see Thomas v Scutt*, 127 NY 133, 138 [1891]; *Valente v Allen Shuman & Irwin Richt, D.P.M., P. C.*, 137 AD2d 678, 679 [1988]).

Here, LTC established that its failure to procure insurance naming the third-party plaintiffs as additional insureds did not constitute a breach of contract. LTC submitted, inter alia, the written agreement between it and the third-party plaintiffs, which did not require it to procure insurance naming the third-party plaintiffs as additional insureds. Accordingly, LTC established, prima facie, its entitlement to summary judgment dismissing the fourth cause of action, which alleged breach of contract (*see Flynn v Toys "R" Us, Inc.*, 31 AD3d 603, 604 [2006]).

In opposition, the third-party plaintiffs failed to raise a triable issue of fact. Contrary to the contention of the third-party plaintiffs, the written agreement between them and LTC was complete and enforceable according to its terms (*see Reiss v Financial Performance Corp.*, 97 NY2d at 199; *Thomas v Scutt*, 127 NY at 138). Accordingly, the extrinsic evidence offered by the third-party plaintiffs in opposition to LTC's motion should not have been considered and, upon reargument, the Supreme Court should have granted that branch of LTC's motion which was for summary judgment dismissing the fourth cause of action in the third-party complaint (*see Cohn v Titan Drilling Corp.*, 79 AD3d 925, 926 [2010]; *Harris v Hallberg*, 36 AD3d 857, 859 [2007]). Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.