LaGuardia v Brennan Beer Gorman/Architects, LLP (2019 NY Slip Op 06484)





LaGuardia v Brennan Beer Gorman/Architects, LLP


2019 NY Slip Op 06484


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2016-10929
 (Index No. 603025/13)

[*1]Mario LaGuardia, respondent, 
v
Brennan Beer Gorman/Architects, LLP, et al., appellants, et al., defendants.


Milbern Makris Plousadis & Seiden, LLP (Smith, Gambrell & Russell, LLP, New York, NY [Donald Rosenthal and Bryan J. Wolin], of counsel), for appellants.
Tannenbaum Helpern Syracuse & Hirschtritt, LLP, New York, NY (Vincent J. Syracuse, Maryann C. Stallone, and Amanda M. Leone of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Brennan Beer Gorman/Architects, LLP, BBG/BBGM, LLP, Gregory Cranford, Marc Gross, Louis Hedgecock, and Marie-Paule Petitjean appeal from a judgment of the Supreme Court, Nassau County (Vito M. Destefano, J.), entered October 14, 2016. The judgment, upon an order of the same court entered October 12, 2016, granting the plaintiff's motion for summary judgment against those defendants on his cause of action sounding in breach of contract to recover the value of his interests in certain partnerships and for ancillary amounts sought for undistributed profits and unreimbursed expenses, is in favor of the plaintiff and against those defendants in the total sum of $904,746.30.
ORDERED that the judgment is affirmed, with costs.
In 1990, the plaintiff became a partner in the defendant Brennan Beer Gorman/Architects, LLP (hereinafter Brennan Beer). In February 2009, the plaintiff, along with defendants Gregory Cranford, Mark Gross, Louis Hedgecock, and Marie-Paule Petitjean, and other Brennan Beer partners, formed the defendant BBG/BBGM, LLP (hereinafter BBG). The plaintiff held a 12.14% ownership interest in Brennan Beer and a 5.353% ownership interest in BBG, and invested more than $240,000 in the partnerships. The partnership agreements for Brennan Beer and BBG (hereinafter together the partnerships) contain nearly identical language and numerical provisions. Those agreements, upon the withdrawal of a partner, gave the remaining partners the option, but not the obligation, to buy out the withdrawing partner's interest. If they did not, the partnerships were to be liquidated.
In May 2009, the plaintiff notified the partnerships of his voluntary withdrawal as a partner "in my ownership holdings" of the partnerships. The partnerships obtained a valuation of the partnership assets from their outside accountants, and the partnerships' "Build-Out Indemnification and Contribution Agreement" indicates that as of July 1, 2009, the plaintiff was no longer a partner and his ownership interests had been distributed to other partners. However, the distributions to the plaintiff never occurred after a dispute arose as to whether the partnerships' debt to the plaintiff should be subordinated to debt incurred "for business operations" or to all "existing [*2]and future indebtedness" of the partnerships.
In 2013, after the partnerships were bought out by a large international architectural firm, the plaintiff commenced this action against among others, the partnerships, Gregory Cranford, Mark Gross, Louis Hedgecock, and Marie-Paule Petitjean (hereinafter collectively the appellants). The plaintiff sought, inter alia, to recover damages for breach of contract based on the alleged failure of the appellants to pay him the value of his interests in the partnerships as provided for in the partnership agreements upon a partner's withdrawal from the partnerships. Additionally, the plaintiff sought to recover certain unreimbursed expenses, payment for his professional services performed for BBG, and undistributed profits (hereinafter collectively the ancillary amounts).
Following discovery, the plaintiff moved for summary judgment. According to the plaintiff, he notified the appellants of his voluntary withdrawal and offered to transfer his interests in the partnerships in May 2009. The plaintiff maintained that the appellants agreed to purchase his interests in the partnerships, but refused to pay him the value of his interests in accordance with the terms of the partnership agreements. In opposition, the appellants contended, inter alia, that the plaintiff's May 2009 notice was only a notice of withdrawal, not an offer to transfer his partnership interests, and that no agreement to purchase his interests was ever reached. In an order entered October 12, 2016, the Supreme Court granted the plaintiff's motion, finding that the parties' course of conduct demonstrated that there was an agreement reached amongst the parties to purchase the plaintiff's interests pursuant to the terms of the partnership agreements. On October 14, 2016, a judgment in favor of the plaintiff and against the appellants was entered upon the order.
" In determining whether the parties entered into a contractual agreement and what were its terms, it is necessary to look . . . to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds'" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368, quoting Brown Bros. Elec. Contrs. v Beam Constr. Corp., 41 NY2d 397, 399). "The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which evinces the intention of the parties to contract" (Maffea v Ippolito, 247 AD2d 366, 367; see Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720, 721; Knight v Barteau, 65 AD3d 671, 672). Here, the plaintiff demonstrated, prima facie, that the appellants accepted his May 2009 withdrawal and offer to transfer his partnership interests pursuant to the terms of the partnership agreements, thereby forming an enforceable agreement. In this regard, the plaintiff submitted the partnership agreements, his affidavit, and supporting documentary evidence, which established that the objective manifestation of the parties' intent was to enter into an agreement to purchase his interests in the partnerships. In opposition, the appellants failed to raise a triable issue of fact.
In addition, the plaintiff demonstrated his prima facie entitlement to recover the ancillary amounts pursuant to the terms of the partnership agreements through the submission of his affidavit and supporting documentary evidence. In opposition, the appellants failed to raise a triable issue of fact, as they failed to submit any evidence, but relied upon conclusory, unsubstantiated, and speculative allegations (see Zuckerman v City of New York, 49 NY2d 557, 562; Easley v U Haul, 166 AD3d 852, 853; Boise Cascade Off. Prods. Corp. v Gilman & Ciocia, Inc., 30 AD3d 454, 455).
Contrary to the appellants' contention, the Supreme Court properly awarded prejudgment interest at the statutory rate of interest based upon its finding that the appellants breached their contractual obligations on August 31, 2009 (see CPLR 5004; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117; NML Capital v Republic of Argentina, 17 NY3d 250, 258).
The appellants' contentions that the evidence in the record does not support holding the individual appellants liable for some or all of the damages awarded is unpreserved for appellate review, and in any event without merit. Contrary to the appellants' contention in their reply brief, the question of whether imposing liability against the individual appellants is supported by evidence in the record is not a pure question of law which can be raised for the first time on appeal (see Block v Magee, 146 AD2d 730, 732-733). Further, the causes of action to recover damages for breach of contract were asserted against the partnerships and the individual appellants, who were parties to the [*3]partnership agreements, and who were liable for breach of those agreements. The Supreme Court concluded that "the plaintiff has established entitlement to judgment on the . . . causes of action for breach of contract," and, in opposition, the appellants did not raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment against the appellants on his causes of action sounding in breach of contract, and the judgment in his favor should be affirmed.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court