Golia v Vieira (2025 NY Slip Op 04087)

Golia v Vieira

2025 NY Slip Op 04087

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2019-12623
 (Index No. 702457/14)

[*1]Michael J. Golia, etc., appellant, 
v
Jeffrey Vieira, etc., et al., respondents, et al., defendant.

Leavitt, Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Eric R. Haren, and Anagha Sundararajan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered October 2, 2019. The order, insofar as appealed from, in effect, granted that branch of the motion of Robert Levey and the defendants Jeffrey Vieira and Lawrence Wolf which was for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them, and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the first and second causes of action insofar as asserted against the defendant Jeffrey Vieira.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2010, the Department of Internal Medicine (hereinafter the Department) of Long Island College Hospital (hereinafter LICH) informed the plaintiff, a physician in his first year of a residency training program, that LICH would not be renewing his resident agreement (hereinafter the LICH resident agreement), which was for a term of 12 months beginning on June 23, 2010, and ending on June 22, 2011. The Department informed the plaintiff that it made this decision based upon the plaintiff's unsatisfactory performance and inadequate medical knowledge. In May 2011, SUNY Downstate Medical Center (hereinafter SUNY Downstate) acquired LICH and its residency training program. In connection with the acquisition, the plaintiff signed a resident agreement with SUNY Downstate (hereinafter the SUNY resident agreement) on May 2, 2011, terminating his employment with LICH and appointing him as a temporary clinical assistant instructor and member of the house staff for a term beginning on May 1, 2011, and ending on June 22, 2011. The SUNY resident agreement was not renewed by SUNY Downstate at the expiration of the term.
Jeffrey Vieira was the program director of the Department's residency training program, and Lawrence Wolf and Robert Levey were associate program directors of the Department's residency training program. Vieira, Wolf, and Levey gave the plaintiff unsatisfactory evaluations during his first year in the residency training program, resulting in LICH's decision not to renew the plaintiff's resident agreement after his first year.
In April 2014, the plaintiff commenced this action against LICH, Vieira, Wolf, and Levey. The amended complaint asserted causes of action, inter alia, to recover damages for breach of contract and tortious interference with contract. In a prior decision and order, this Court, among other things, reversed so much of an order as denied those branches of LICH's motion which were [*2]pursuant to CPLR 3211(a) to dismiss the first and second causes of action, alleging breach of contract, insofar as asserted against it, granted those branches of LICH's motion, and affirmed so much of the order as granted that branch of LICH's motion which was pursuant to CPLR 3211(a) to dismiss the third cause of action, alleging tortious interference with contract, insofar as asserted against it (see Golia v Vieira, 162 AD3d 865).
Vieira, Wolf, and Levey served an answer to the amended complaint. Thereafter, they moved, inter alia, for summary judgment dismissing the first, second, and third causes of action insofar as asserted against them. The plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the first and second causes of action insofar as asserted against Vieira. In an order entered October 2, 2019, the Supreme Court, inter alia, in effect, granted that branch of the motion and denied that branch of the cross-motion. The plaintiff appeals. During the pendency of the appeal, Levey died, and Jane Levey, as the administrator of the Levey's estate, was substituted for him.
Vieira, Wolf, and Levey demonstrated their prima facie entitlement to judgment as a matter of law dismissing the first and second causes of action, alleging breach of contract, insofar as asserted against them. Their submissions established that these causes of action were governed by the LICH resident agreement and the applicable collective bargaining agreement (hereinafter the CBA), and were barred by the plaintiff's failure to pursue the grievance procedure contained therein and to exhaust his administrative remedies (see Murray v Town of N. Castle, N.Y., 203 AD3d 150, 174; Golia v Vieira, 162 AD3d at 867). Contrary to the plaintiff's contention, the fact that Vieira, Wolf, and Levey were not parties to the LICH resident agreement does not exempt him from the grievance procedure set forth in the CBA.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to demonstrate that certain alleged prior written representations "ha[ve] no effect to vary, contradict or supplement the terms of a later agreement containing the general merger clause" (Matter of Primex Intl. Corp. v Wal-Mart Stores, 89 NY2d 594, 600; cf. Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673; Matthius v Platinum Estates, Inc., 74 AD3d 908, 909). Moreover, we reject the plaintiff's attempt to recast the breach of contract causes of action in terms of the alleged noncompliance of Vieira, Wolf, and Levey with certain provisions of the Accreditation Council for Graduate Medical Education's "Common Program Requirements," as the amended complaint did not allege that Vieira, Wolf, and Levey breached the LICH resident agreement by failing to comply with those requirements.
Contrary to the plaintiff's contention, he failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the first and second causes of action insofar as asserted against Vieira, as it is undisputed that the plaintiff failed to pursue the grievance procedure contained in the CBA and exhaust his administrative remedies (see Murray v Town of N. Castle, N.Y., 203 AD3d at 174; Golia v Vieira, 162 AD3d at 867).
Accordingly, the Supreme Court properly, in effect, granted that branch of the motion of Vieira, Wolf, and Levey which was for summary judgment dismissing the first and second causes of action insofar as asserted against them and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the first and second causes of action insofar as asserted against Vieira.
Vieira, Wolf, and Levey demonstrated their prima facie entitlement to judgment as a matter of law dismissing the third cause of action insofar as asserted against them. The third cause of action alleged that LICH, Vieira, Wolf, and Levey tortiously interfered with the SUNY resident agreement by inducing SUNY Downstate not to renew it. The existence of a binding contract is an essential element of a cause of action to recover damages for tortious interference with contract (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424; Moulton Paving, LLC v Town of Poughkeepsie, 98 AD3d 1009, 1010-1011; Miller v Theodore-Tassy, 92 AD3d 650, 650-651). The submissions of Vieira, Wolf, and Levey established, prima facie, that the SUNY resident agreement was not in existence at the time of the decision not to renew the plaintiff's residency. It is undisputed that the plaintiff did not sign the SUNY resident agreement until May 2, 2011. Contrary to the plaintiff's contention, since the decision was already made by LICH not to renew his residency by, at the latest, February 2011, neither LICH nor its agents, servants, or employees could have done [*3]anything to interfere with the SUNY resident agreement executed in May 2011 (see Golia v Vieira, 162 AD3d at 868).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly, in effect, granted that branch of the motion of Vieira, Wolf, and Levey which was for summary judgment dismissing the third cause of action insofar as asserted against them.
Contrary to the plaintiff's contention, the motion of Vieira, Wolf, and Levey was not premature. "'The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion'" (Branach v Belvedere VIII, LLC, 189 AD3d 1531, 1532, quoting Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518).
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court