■ BARBARA ESATTO et al., Plaintiffs, v ASSUMPTION OF THE BLESSED VIRGIN MARY ROMAN CATHOLIC CHURCH, Defendant and Third-Party Plaintiff-Appellant. AMERICAN FLOOR PRODUCTS Co. et al., Third-Party Defendants-Respondents. [596 NYS2d 131] —In an action to recover damages for personal injuries, etc., the third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered March 5, 1991, which granted the separate motions of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiffs Barbara and Joseph Esatto commenced this action against the defendant Assumption of the Blessed Virgin Mary Roman Catholic Church after Barbara fell on a landing outside the church, sustaining injuries. In the complaint, the plaintiffs essentially alleged that Barbara was caused to fall because of the dangerous construction of the landing, which was covered by a floor mat. The church thereafter impleaded the manufacturer of the floor mat, American Floor Products Co. (hereinafter American), on the ground that the floor mat was defectively designed and manufactured, and the seller of the floor mat, Cantor Brothers Glass Corp. (hereinafter Cantor), for an alleged breach of warranty of merchantibility. Following the completion of discovery, Cantor and American separately moved for summary judgment dismissing the church's third-party complaint. The motions were granted. We affirm.

Here, the plaintiffs made no claim in their complaint of any defect in the design or manufacture of the mat and the bill of particulars clearly expressed that no claim was being made for "improper or defective equipment". Their claim was based on the alleged negligent construction of the landing where Barbara fell. Indeed, the plaintiff Barbara Esatto testified at her examination before trial that she was not even sure whether she made contact with the floor mat. Moreover, the church failed to submit any evidentiary proof to raise a material question of fact indicating that the third-party defendants might be liable for contribution or indemnification. Accordingly, summary judgment was properly granted to the third-party defendants (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Prince v DiBenedetto, 189 AD2d 757). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.