CHERYL FLYNN, Plaintiff, v TOYS "R" Us, INC., Defendant and Third-Party Plaintiff-Respondent. CINTAS CORPORATION, Third-Party Defendant-Appellant. [819 NYS2d 537]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated October 29, 2004, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

As the proponent of the motion for summary judgment, the third-party defendant, Cintas Corporation (hereinafter Cintas), met its initial burden of demonstrating, prima facie, its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]) by introducing its rental contract with the third-party plaintiff Toys "R" Us, Inc. (hereinafter Toys), which did not include an indemnification clause in favor of Toys or a requirement that it procure insurance coverage for Toys (*see Esatto v Assumption of Blessed Virgin Mary R.C. Church*, 192 AD2d 574, 575 [1993]). Cintas further established, as a matter of law, that there was no defect in the floor mat it had delivered to Toys and that Cintas had no actual or constructive notice of any alleged defect (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

In opposition to the motion, Toys failed to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, the Supreme Court should have granted summary judgment to Cintas dismissing the third-party complaint.

In light of the foregoing, the parties' remaining contentions have been rendered academic and need not be addressed on appeal. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.