Pendleton v Mackesy (2024 NY Slip Op 50727(U))

[*1]

Pendleton v Mackesy

2024 NY Slip Op 50727(U)

Decided on June 13, 2024

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2024
Supreme Court, Westchester County

Brent Pendleton and DINA PENDLETON, Plaintiffs,

against
Scott Mackesy and JENNIFER MACKESY, Defendants.

SCOTT MACKESY and JENNIFER MACKESY, Third-Party Plaintiffs, 
against
ICE HOUSE CONSTRUCTION, INC., ANTONIO V CAPICOTTO PE, DANIEL FRISCH ARCHITECT, PC, VERITAS ENGINEERING AND INSPECTION PLLC, and EDWARD C. LANGE, INC., Third-Party Defendants.
Index No. 55963/2022

Gettinger, Waldinger et al — counsel for pltf
Quinn McCabe LLP
Milber Makris et al
Stimpfl Manashirov et al
Welby Brady et al
DiFabio & Associates
Wilson Elser et a

Robert S. Ondrovic, J.

In a property damage action, third-party defendant Veritas Engineering and Inspection PLLC (Veritas) moves for an Order pursuant to CPLR 3212 dismissing the third-party complaint and crossclaims asserted against Veritas (Motion Seq. 3).
Papers Considered NYSCEF Doc. Nos. 104-128, 219-225, 229-232
1. Notice of Motion/Affirmation of Vincent Camacho, Esq./Exhibits A-Q/Affirmation of Jeffrey M. Gaspar, P.E./Exhibit A/Affidavit of Nathaniel B. Smith, P.E./Exhibit A/Statement of Material [*2]Facts/Memorandum of Law
2. Response to Statement of Material Facts/Affirmation of Steven M. Bundschuh, Esq. in Opposition (for third-party plaintiffs)/Exhibits 1-5
3. Memorandum of Law in Reply/Affirmation of Vincent Camacho, Esq. in Reply/Exhibits A-B
Discussion
As observed in a prior decision by this Court,[FN1]
this action arises out of the stormwater flooding of plaintiffs' property, allegedly caused by a construction project on defendants' adjoining property which consisted of the demolition of an existing house, physical alteration of defendants' parcel, and construction of a new house thereon. Plaintiff commenced this action by filing a summons and complaint on January 31, 2022. Thereafter defendants (the Mackesys) filed a third-party summons and third-party complaint on June 6, 2022. The third-party complaint asserts causes of action for common law and contractual indemnification, contribution, and breach of contract for failing to procure general liability insurance.
After discovery, a Trial Readiness Order was entered, and plaintiff filed the Note of Issue in February 2024. Veritas now moves for an Order pursuant to CPLR 3212 dismissing the third-party complaint and crossclaims asserted against Veritas.[FN2]

In sum, Veritas contends that as the structural engineer for the project there is no triable issue of fact that the scope of services Veritas provided could have caused plaintiffs' alleged damages.
In support, Veritas submits, among other things, a project proposal and the affirmation of Jeffrey M. Gaspar, P.E., the owner of Veritas, who affirms that Ice House Construction Corp. (Ice House) retained Veritas to perform structural engineering services on the project pursuant to the project proposal, which contains the scope of Veritas' work on the project. That scope included providing sizing and details for the following structural members: floor joists, window/door headers, foundation, and recessed beam/column/hardware/footing combinations to preclude the use of loadbearing walls. Gaspar also affirms that Veritas does not perform physical labor or any physical construction work, and that Veritas did not perform any site civil engineering, grading, topographical work or any work related to stormwater runoff management for the project. Gaspar further affirms that Veritas was present on the job site periodically to observe finished structural work and was available to interpret drawings and specifications and [*3]to answer questions, but the project proposal did not require any level of supervision at the job site.
Veritas also submits the affirmation of Nathaniel B. Smith, P.E., an engineer with over twenty years of experience related to structural design and building damage investigations who Veritas retained to provide an expert opinion. Smith opines that, based on his review of Veritas' engineering records related to the project (including the project proposal and Veritas' structural drawings), deposition testimony of Gaspar, and two reports by Mak A. Lukasik, P.E. (an expert retained by plaintiffs), and based on his experience and education, the design of the structural components of the project did not have any effect on the site grading and stormwater management at the site. Smith notes that another engineer, Antonio V. Capicotto, P.E., prepared site grading and stormwater management plans for the project. Smith further notes that Lukasik's reports make no reference to Veritas' structural design as contributing to the alleged stormwater runoff issues. Instead, Lukasik's reports point to the project architect (Daniel Frisch Architect, PC), the civil engineer (Capicotto), and the contractor (Ice House).
As to common law indemnification, Veritas argues that its scope of work was limited to structural design and oversight services for structural components. Veritas contends that plaintiffs' expert attributed the work of other contractors to the alleged stormwater damage. For example, Lukasik opined in his first report that the architectural design was uncoordinated with an earlier drainage design prepared by the project civil engineer, that the civil engineer's design documentation was incomplete, and that "the Contractor's temporary configuration of the project has increased runoff toward [plaintiff's property]" (mem. of law at 9-10 (citing conclusions of November 10, 2021, Tectonic report at 5-6 [NYSCEF Doc. 115 [see pp. 326-327]]). Veritas notes that its structural drawings were listed as part of the materials Lukasik reviewed for his report, but Lukasik did not attribute the stormwater damage to Veritas' work. In addition, Veritas also contends that Lukasik opined in his second report that "an oversight during initial design to provide driveway drainage," "reconfiguring the drywell system and regrading the rear yard," and a new distribution of drywells impacting roof and patio stormwater runoff mitigation caused Plaintiffs' alleged damages (id. at 10 (citing conclusions of January 31, 2023, Tectonic report at 9 [NYSCEF Doc. 115 [see p. 336]]).
As to contractual indemnification and breach of contract (to procure insurance), Veritas argues that the written agreement between Veritas and Ice House, i.e., the project proposal, does not include any indemnification provision or any requirement to procure insurance.
As to contribution, Veritas argues that, as it had with respect to common law indemnification, there is no relation between the scope of its work and the alleged damages.
For the foregoing reasons, Veritas also argues the crossclaims for indemnification and contribution should also be dismissed.
Summary Judgment
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v NY Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad, 64 NY2d at 853). 
Once the prima facie showing has been made, "the burden shifts to the party opposing [*4]the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Zuckerman, 49 NY2d at 562). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat a prima facie showing of entitlement to summary judgment (see Zuckerman, 49 NY2d at 562).
"A party's right to indemnification may arise from a contract or may be implied 'based upon the law's notion of what is fair and proper as between the parties'" (Castillo v Port Auth. of NY & N.J., 159 AD3d 792, 795 [2d Dept 2018] [quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]]). "Implied, or common-law, indemnity is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other" (id. [quoting Mas, 75 NY2d at 690] [internal quotation marks and brackets omitted]). "To establish a claim for common-law indemnification, the one seeking indemnity must prove not only that it was not guilty of any negligence beyond the statutory liability but must also prove that the proposed indemnitor was guilty of some negligence that contributed to the causation of the accident" (Perri v Gilbert Johnson Enters., Ltd., 14 AD3d 681, 684-685 [2d Dept 2005]). 
Similarly, to sustain a claim for contribution, the party asserting the claim must show that Veritas breached a duty of care owed to plaintiff and that "breach of this duty contributed to the alleged injuries" (Castillo, 159 AD3d at 795).
Here, Veritas established prima facie entitlement to dismissal of the complaint and crossclaims asserted against it by demonstrating that the scope of its work did not contribute to the stormwater runoff that caused plaintiffs' alleged damages and the putative contract at issue, i.e., the project proposal between Veritas and Ice House, did not contain an indemnification provision or a requirement to procure insurance (see Flynn v Toys "R" Us, Inc., 31 AD3d 603, 604 [2d Dept 2006]).
In opposition, the Mackesys fail to raise a triable issue of fact. The Mackesys contend that plaintiffs' expert opined that the project plans, including the structural plans prepared by Veritas, would result in increased stormwater runoff toward plaintiffs' property. In support of this contention, the Mackesys cite paragraphs C2 and C6 of the November 10, 2021 Tectonic report, but those paragraphs merely list Veritas' structural plans as materials Lukasik reviewed, not that the structural elements of the project contributed to increased stormwater runoff (see November 10, 2021, Tectonic report at 2-3 [NYSCEF Doc. 115 [see pp. 323-324]). The balance of the Mackesys' opposition is premised on attorney argument and speculation, which is insufficient to defeat Veritas' prima facie showing (see Zuckerman, 49 NY2d at 562). The Mackesys did not oppose Veritas' application on the contractual indemnification or breach of contract causes of action.[FN3]

As to the crossclaims, none of the third-party defendants opposed Veritas' application, which further supports dismissal of the crossclaims (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 585 [1st Dept 2021]).
All other remaining contentions have been considered and are either without merit or [*5]rendered moot by the above determination.
Based on the foregoing, it is hereby
ORDERED that Veritas' application is GRANTED and the third-party complaint and all crossclaims asserted against Veritas are DISMISSED.
Dated: June 13, 2024
White Plains, New York
________________________________________
HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:Third-party defendant Daniel Frisch Architect, PC (Frisch) moved pre-answer for an order pursuant to CPLR 3211(a)(1) and (a)(7) dismissing the third-party complaint against it (Motion Seq. 1). By Decision and Order dated October 24, 2022, the Court (Torrent, J.) granted the application in part and denied in part by: (a) dismissing the causes of action premised on contractual indemnification and breach of contract regarding procurement of liability insurance because evidence demonstrated that Frisch had not entered any written agreements to defend and indemnify or to procure insurance; and (b) maintaining the causes of action premised on common law indemnification and contribution because the evidence did not utterly refute the allegations that Frisch's work was improper or not in accordance with applicable standards (Decision and Order dated October 24, 2022 [NYSCEF Doc. 44]).

Footnote 2:Frisch and third-party defendants Ice House Construction Corp. and Edward C. Lange, Inc. each assert crossclaims for indemnification and contribution against Veritas.

Footnote 3:Instead, the Mackesys admitted in their response to Veritas' Statement of Material Facts that the project proposal did not contain an indemnification provision or a requirement to procure insurance (see Response to Veritas Statement of Material Facts at paragraphs 8, 9, 14).